## JOHNSON v. MONELL.

1. WAIVER OF SERVICE OF NOTICE. A waiver of service of notice, by an *indorsement* on the back thereof, signed and dated as required by § 2816 of the Revision of 1860, is equivalent to an acknowledgment of service, and confers upon the court jurisdiction.

2. MORTGAGE: PURCHASER OF MORTGAGE PROPERTY. The purchaser of mortgaged property is not, in the absence of a special contract, liable for the mortgage debt; and the mortgagee's remedy, so far as it affects the purchaser, is against the property and his equity of redemption.

3. SAME: PARTY. A mortgagor who has disposed of his interest in the mortgage premises is not a necessary party to a proceeding to foreclose the mortgage.

*Appeal from Polk District Court.*

SATURDAY, JUNE 7.

FORECLOSURE OF A MORTGAGE. The petition alleged that one James C. Carson, on the 20th day of June, 1856, executed the mortgage set out as an exhibit thereto, for the

purpose of securing the payment of two certain promissory notes; that on the 1st of October, 1856, Carson sold the land described in the mortgage, subject thereto, to Francis R. West; and that Francis R. West sold the same premises, subject to the mortgage, to the defendant John J. Monell.

The defendant indorsed on the back of the original notice, the following:

"I, John J. Monell, the within named defendant, do hereby waive service of notice, at Newburgh, county of Orange, State of New York, this 27th day of March, 1861.

"JOHN J. MONELL."

The defendant made default, and the court found that there was due the plaintiff the sum of three thousand, three hundred and thirty-three dollars and thirty-three cents, and decree that "the plaintiff have judgment for 'that sum;' that the defendant's equity of redemption in and to the 'mortgaged property' be forever barred and foreclosed; and that a special execution issue commanding the sheriff of Polk County to sell the above described real estate, for the purpose of satisfying the above decree," &c. The defendant appeals.

*Finch & Clark* for the appellant, contended :

I. That the service of notice did not give the court jurisdiction. 2. That judgment could not be rendered against Monell on a note executed by Carson. 3. That no decree could be entered without making Carson a party defendant.

*Casady & Polk* for the appellee, contended:

1. That the waiver of service of notice was equivalent to an acknowledgment of service. 2. That the decree affects appellant only as it bars his equity of redemption. 3. That the mortgagor, after a sale of the mortgaged

premises, is not a necessary party to a foreclosure proceeding. *Murray* v. *Catlett*, 4 G. Greene, 108; and the authorities there cited; *Miller et al.* v. *Tipton et al.*, 6 Blackf., 238; *Comley and Wife* v. *Hendricks*, 8 Id., 189; 15 Ind., 185.

BALDWIN, C. J. — The first error assigned relates to the sufficiency of the service of the original notice. The plaintiff seeks the foreclosure of a mortgage upon certain real estate, executed by one Carson to the petitioner. Carson sold the mortgaged premises to one West, who afterwards sold the same to defendant. The land is within the jurisdiction of the court. The service of the notice was made beyond the limits of the state.

The defendant waived service of the notice, by an indorsement to this effect, made upon the back of the notice, and over his signature thereto. It is objected that such a waiver is not of itself evidence of service, that the court cannot determine from this alone whether such signature is genuine or otherwise, and that the law contemplates some additional evidence to show that such service was made. To this it may be answered that the record does show that the court heard evidence in reference to the sufficiency of service. What the evidence was we are not advised, but are to presume it was sufficient to justify the action of the court. But we do not think that any evidence except the acknowledgment itself is required. Section 2816 of the Revision provides that the notice may be served by taking an acknowledgment of the service indorsed upon the notice, dated and signed by the defendant. A waiver of service is equivalent to an acknowledgment of service, and the manner in which the acknowledgment is taken is pointed out by the language of the section by the defendant's dating and signing the same. If it had been contemplated by the legislature that proof of the taking, &c., should be made,

there would have been some language used to indicate such a design. The signature to the waiver, dated, &c., is *prima facie* evidence of service. It is to be regarded by the court in the same light as the signature to a pleading.

The second point made by the counsel for appellant is, that the court erred in rendering a personal judgment against defendant, without having first sought to enforce the collection of the debt as against Carson, the original maker of the note and mortgage; and that Carson should have been made a party defendant to this proceeding. The purchaser of mortgaged premises does not become personally liable for the debt secured, unless there is a special contract to pay such incumbrance. There is no averment to this effect in the petition of complainant, and the order of the court directing a judgment to be entered in this case is erroneous. The complainant's remedy, so far as it affects the defendant, is against the property purchased—the equity of redemption. Upon the authority of *Murray* v. *Catlett*, 4 G. Greene, 108, and the cases there cited, Carson having disposed of his equity of redemption, was not necessarily a proper party to the foreclosure. The defendant, as a purchaser of the mortgaged premises, is not liable to the plaintiff personally, but his equity of redemption can be foreclosed, and to this extent, only, is the decree of the court correct.

That portion of the order of the court which directs a judgment against defendant is set aside, and a decree of foreclosure directed to be entered in this court. As thus modified, the judgment is affirmed, at the costs of the appellee.