## WILLIAMS v. MEEKER.

1. **Practice:** OBJECTIONS TO EVIDENCE. The grounds of objections to the admission of evidence must be stated in the bill of exceptions or the ruling thereon will not be reviewed.

2. **Mortgage:** FORECLOSURE: PARTIES. A person claiming an interest in the mortgaged premises, who is joined as a defendant in a proceeding to foreclose the mortgage, cannot object that the mortgagors are not served or in court.

3. —— PROVISION FOR ATTORNEY'S FEE. Parties to a mortgage may properly provide for the allowance of a reasonable attorney's fee, to be paid by the mortgagor and included in the judgment in case of foreclosure.

*Appeal from Marshall Circuit Court.*

THURSDAY, JULY 28.

THIS is an action to foreclose a mortgage executed by Benson and another. Appellant and one Johnson were joined as defendants with the grantors in the mortgage.

The mortgagors were not served with process, but an appearance was entered for them, which was afterward withdrawn. Johnson disclaimed having any interest in the mortgaged premises, and appellant was thus left as the only one defending the action. He admits in his answer the execution of the mortgage and note by the mortgagors, but denies that they had any interest in the real estate conveyed by the mortgage. He claims title to the undivided one-half of the land, and denies that plaintiff's lien is paramount to his title. He avers that the only interest which the mortgagors had in the land was acquired by a tax sale and deed, which are insufficient to pass the title to the land, on account of certain irregularities particularly set out. The appellant in his answer does not give his claim of title to the land nor state the facts upon which his interest is based.

The issue of fact was submitted to a jury, and a verdict found for plaintiff, whereon a decree was rendered foreclosing the mortgage as against appellant, and directing special execution to issue for the sale of the land. No judgment was rendered against the mortgagors, neither is there a personal judgment against Meeker. The facts of the case and all objections raised are stated in the opinion. Meeker appeals.

*L. W. Griswold* for the appellant.

*Boardman, Brown & Williams* for the appellee.

BECK, J.—At the trial the court, with the consent of plaintiff, assigned the affirmative of the issue to appel-

1. PRACTICE: objections to evidence.

lant. In support of his claim he introduced a deed for the land from Dorley, who was shown to be the patentee, to "Hunsgate & Vaughn." This deed was admitted in evidence. He then offered in evidence a deed from A. J. Hunsgate and wife to E. W. Snelling, and also a deed from Snelling to himself. No evidence was given to show that A. J. Hunsgate was one of the grantees in the deed executed by Dorley. Objections to the introduction of these deeds were sustained. The grounds of the objections are not given. It is stated, however, at the conclusion of the bill of exceptions, "that the various objections made by the plaintiff, as shown throughout this bill of exceptions, are omitted at the request of defendant, but in fact valid objections were explicitly made." Without a statement in the bill of exceptions of the grounds of objections to the evidence, we cannot inquire into the correctness of the rulings of the court thereon. Rev. § 3107 ; *Carleton* v. *Byington*, 18 Iowa, 483. But we are assured by the language of the record above quoted that the rulings of the court were correct.

II. No evidence was offered by the defendant sustaining the allegations of his answer respecting the character of the title and interest of the mortgagors. Plaintiff introduced in evidence the note and mortgage, and the jury were instructed to find for plaintiff the amount due upon them. To the instruction given the jury, as well as to the decree entered upon the verdict, defendant objects. They are both apparently correct. Defendant failed to show any title or interest in the lands to support his claim thereto. He admits that the mortgagors did hold *an* interest or some title in the land when the mortgage was executed. For aught that appears in the record, it was a valid interest or title. But, from defendant's own showing in his answer, they held a mortgageable interest, which they conveyed by the mortgage. Of course, the mortgage may be foreclosed upon that interest. Defendant, failing to show any interest in the land, cannot object to the foreclosure.

III. The fact that the mortgagors were not in court cannot be urged by defendant as an objection. They are 2. MORTGAGE: foreclosure: parties not necessary parties to the action, and their absence does not appear to have worked prejudice to defendant. *Murray* v. *Catlett*, 4 G. Greene, 108 ; *Johnson* v. *Monell*, 13 Iowa, 300 ; *Semple* v. *Lee*, id. 304.

IV. It is provided by the mortgage, that, in case of foreclosure, a reasonable attorney's fee may be recovered 3. —— provision for attorney's fee. by plaintiff upon the mortgage, and the same shall be included in the judgment. Upon the trial evidence was introduced as to the value of the services of the attorney in foreclosing the mortgage, and the jury allowed, as a part of their verdict, $75 therefor. This is objected to, on the ground that the stipulation in the mortgage cannot be enforced. We know of no reason why parties cannot be permitted to enter into such con-

tracts, and enforce them. A debtor, by refusing or neglecting to pay his creditor, imposes upon him the expense of resorting to the law to enforce his rights. It is equitable and just that the debtor, in such case, should pay the expenses which he has imposed upon his creditor. While the law makes no provision for enforcing such a conscionable obligation, it will certainly be esteemed a sufficient consideration upon which to base a contract whereby the party binds himself to do that which in conscience he ought to do, or to re-imburse his creditor for expenses which his own wrong has made necessary to be incurred. See *Nelson* v. *Everett, ante*, 184.

Affirmed.