WILSON v. THE FIRST PRESBYTERIAN CHURCH OF MT. AYR ET AL.

1. **Practice in Supreme Court:** FILING BILL OF EXCEPTIONS: REGU-LARITY PRESUMED. It is neither necessary nor usual for the abstract to state that the bill of exceptions was filed in the clerk's office. In the absence of controversy, this is assumed; and, in case of controversy, recourse is had to the transcript. And when the transcript shows that the bill of exceptions was signed by the judge in due time, and filed in the clerk's office at *some* time, although the date of such filing may be a matter of doubt, it will be presumed, in the absence of all showing to the contrary, that it was filed within the proper time.

2. ———: ———: TRANSCRIPT CONSULTED. Where a controversy arises as to the *contents* of a bill of exceptions, a statement in appellee's abstract not controverted by appellant will be taken as true; but if the appellee in his abstract states that no proper bill of exceptions has been *filed*, and moves to strike out the evidence on that ground, we do not take such statement to be true, even though it be not controverted, but refer to the transcript for the determination of the question.

3. **Practice:** LAW ACTION: PRESERVING EVIDENCE AND INSTRUCTIONS. In a law action, it is sufficient for the purposes of an appeal, if the evidence is properly made a part of the record by bill of exceptions, and the instructions are identified by bill of exceptions, or in any other proper manner. It is not necessary that the evidence and instructions be certified by the judge.

4. ———: BILL OF EXCEPTIONS: IDENTIFYING EVIDENCE. Where a bill of exceptions referred to the evidence in the following manner: "The following testimony and rulings were had and reduced to writing by said reporter, being all the testimony on said trial: (Here insert evidence in full):" *held* a sufficient and unmistakable reference to the testimony taken down by the reporter and by him duly certified and filed in the clerk's office. (Code, § § 2834 and 3777.)

5. ———: ———: IDENTIFYING INSTRUCTIONS. Where the court instructed the jury orally, and the instructions were to be taken down by the reporter, and by him duly certified and filed with the evidence, and the bill of exceptions referred to such instructions in the following manner: "After the argument of counsel in said cause, and by and with the consent of counsel, the court instructed the jury orally, which was reduced to writing by the reporter, as follows: (Here insert instructions):"—*Held* a sufficiently definite reference to identify the instructions.

*Appeal from Ringgold District Court.*

THURSDAY, DECEMBER 7.

*Askren Bro's*, for appellants.

*Laughlin & Campbell*, for appellee.

DAY, J.—This cause was submitted upon a motion of the appellee to strike out the bill of exceptions and all the evidence and instructions of the court contained therein, and to strike all the testimony and the instructions of the court contained in the appellant's abstract, for the following reasons:

"1. That neither the abstract of the appellants nor the transcript filed in this cause states, or shows said bill of exceptions was ever filed in the clerk's office and made a part of the record of this cause after being signed by the judge.

"2. That the evidence and instructions of the court were not included in, nor attached to, the bill of exceptions when signed by the court, and are not referred to in a manner so definite as to make them a part thereof.

"3. That the abstract of the appellant does not state, nor show, that the instructions were ever preserved by a bill of exceptions.

"4. That appellant's abstract does not show that the court ever certified to the evidence or the instructions, and ordered the same made a part of the record.

"5. That appellee's abstract shows that the evidence and instructions of the court were never preserved by a bill of exceptions, and this abstract of the appellee is not controverted by appellants."

VOL. LX—8

For the sake of clearness we will consider the above grounds of objection in an order different from that which is presented in the motion.

I.   As to the objection that neither the abstract of appellants nor the transcript states or shows that the bill of exceptions was filed in the clerk's office, and made a part of the record:

**1. PRACTICE in supreme court : filing bill of exceptions : regularity presumed.**

1.   It is not necessary that the abstract should state that the bill of exceptions was filed in the clerk's office and made a part of the record.   This statement is not usually made in the abstract.   In the absence of any controversy upon the subject, it is assumed that the bill of exceptions has been properly filed and made a part of the record.   If that fact is controverted by the appellee upon motion to strike out the evidence, as in this case, we have recourse to the transcript for the purpose of ascertaining the facts.

2.   It is claimed in the argument that there is nothing in the transcript to show that the bill of exceptions has ever been in the clerk's office since it was signed by the judge. Section 2831 of the Code provides that the bill of exceptions shall be filed during the term, or within such time thereafter as the court may fix, but that the time shall not extend more than thirty days beyond the term, except by consent of parties, or by order of the judge.   On the 4th day of March, 1882, the motion for a new trial in this cause was overruled, and the defendants were given sixty days to perfect their bill of exceptions.   On the 18th day of March, the bill of exceptions was signed.   This bill is marked filed February 18, 1882. As the bill was not signed until March 18, there is probably a clerical error in the date of filing, as it is not probable the bill was filed before it was signed by the judge.   But, however this may be, as the bill of exceptions is embraced in the transcript, it is clear that it was filed in the clerk's office at some time, and, as it was signed within the time limited by the court, in the absence of all showing to the contrary, it will be presumed that it was filed within the proper time.

II.   We now come to consider the fifth ground of the mo-
tion, that appellee's abstract shows that the evidence and in-

2. —: ——: structions were never preserved by a proper bill
transcript
consulted.    of exceptions, and appellee's abstract is not con-
troverted by the appellant's.   It is claimed that where the ap-
pellee's abstract states that no proper bill of exceptions was
filed, and the appellant does not by additional abstract con-
trovert the statement, it will, without reference to the tran-
script, be taken as true.   Ordinarily, where a controversy
arises as to the *contents* of a bill of exceptions, a statement
in the appellee's abstract, not controverted by appellant, will
be taken as true.   But this rule does not apply when the con-
troversy arises as to the existence of a bill of exceptions.   In
a very large number of cases the appellant's abstract simply
sets forth the testimony, without any statement that it has
been properly preserved by bill of exceptions.   If no ques-
tion is made as to the proper filing of a bill of exceptions,
we presume that the evidence has been properly preserved.   If
the appellee states in his abstract that no proper bill of ex-
ceptions has been filed, and moves to strike out the evidence
on that ground, we do not take the statement as true, but we
refer to the transcript for a determination of the question.

III.   The fourth objection is, that appellant's abstract does
not show that the court ever certified to the evidence or

3. PRACTICE: the instructions, and ordered the same made a
law action:
preserving    part of the record.   This is a law action.   It is not
evidence and
instructions.  essential to a review of it that the evidence and
instructions should be certified by the judge.   It is sufficient
for that purpose if the evidence is properly made a part of the
record by bill of exceptions, and the instructions are identi-
fied by bill of exceptions, or in other proper manner.

IV.   We now consider the second and third objections,
that the evidence and instructions of the court were not in-

4. ——: bill  cluded in, nor attached to, the bill of exceptions
of exceptions:
identifying    when signed by the court, and are not referred to
evidence.     in a manner so definite as to make them a part

thereof, and that the abstract of the appellant does not state nor show that the instructions of the court were ever preserved by a bill of exceptions.

Section 3777 of the Code, as amended by section 2, chapter 195, Laws of 1880, provides that the original notes of any testimony taken in any case shall be filed in the office of the clerk of the court, and become a part of the record in said case; and said original notes, or the transcript thereof, may be referred to in any bill of exceptions, and, when duly transcribed and certified, shall be inserted therein on appeal. Section 2834 of the Code provides: "An exception, when presented for signature, need not include therein, spread out at length, any writing filed in court, but may incorporate the same by any unmistakable reference thereto, and the clerk, in making a transcript of the bill of exceptions, shall write therein at length all of such writing included therein by reference."

The bill of exceptions refers to the evidence in the following manner. "The following testimony and rulings were had and reduced to *writing* by said reporter, being all the testimony on said trial. Here insert evidence in full." This clearly refers to the testimony taken by the reporter as the testimony which is to be inserted in the transcript. On the 7th day of June, a translation of the reporter's notes was filed in the office of the clerk, and certified by the reporter to be true and correct, and to contain all the evidence in the case. This testimony is embraced in the transcript. We think the evidence is unmistakably identified. The case differs from *Hill v. Holloway*, 52 Iowa, 678, in which the bill of exceptions contained no indication as to the sources from which the clerk should determine what was the testimony in the case.

The instructions of the court are referred to in the following manner: "After the argument of counsel in said cause,

5. —— : ——: and by and with the consent of counsel, the court

*identifying instructions.* instructed the jury orally, which instructions were reduced to writing by the reporter as follows. Here insert instructions."

At the same time that the evidence was filed in the office of the clerk, there was also filed what purports to be the charge of the court, taken down by the short hand reporter, and certified by him to be the entire charge of the court. This also is incorporated in the transcript. The transcript is, in many respects, very informal. But it does, we think, so identify the evidence and the instructions, as to leave no doubt that it embraces the evidence and the instructions upon which the cause was tried in the court below. The motion to strike out the evidence and instructions is

OVERRULED.