L'ENGLE & HARTRIDGE, ADMINISTRATORS, APPELLANTS, VS. F. F. L'ENGLE AND WIFE, APPELLEES.

A mortgage contained the following covenant : "It is also agreed that the grantors shall pay all expenses of collecting said debt including attorney's fees, and that said money shall be secured by this mortgage." The mortgagees brought suit in a court of law and recovered the debt secured by the mortgage and the judgment was paid, but defendant refused to pay any attorney's fees paid out by plaintiffs in prosecuting the suit. Plaintiffs then filed a bill to foreclose the mortgage to reimburse themselves for the amount paid their attorneys in collecting the debt. *Held*, That the bill is well brought for a reasonable amount, to be determined by the Chancellor, upon proper proofs.

Appeal from the Circuit Court for Duval county.

The facts of the case are stated in the opinion.

*C. P. & J. C. Cooper* for Appellants.

*W. B. Young* for Appellees.

A mortgage being under the laws of this State not an estate in the land but merely a lien, the life of which de-

pends upon the debt, when this is paid the lien is discharged. Whatever discharges the debt discharges also the mortgage. Jones on Mortgages, Vol. 2, sec. 889, and authorities cited in notes; 26 Wend., 541; 21 New York, 366; Willis vs. Farley, 24 Cal., 490; Johnson vs. Sherman 15 Cal., 287; 8 Howard, 450.

The mortgage was not paid or discharged in whole or in part by obtaining a judgment at law for the principal, interest and costs, but continued to be security for the payment of such judgment, including the costs. Obtaining a judgment was merely changing the form of the debt and payment of the debt in its new form discharged and satisfied the mortgage lien as completely as if the debt had been paid before suit. Obtaining judgment does not destroy the lien of the mortgage, but payment of the debt does. Jones on Mortgages, Vol. 2, secs. 901 and 1511; Hocker vs. Reas, 18 Cal., 650.

The attorney's fees stipulated for in the mortgage is not a distinct debt, nor is it a part of the debt. It was a mere incident of the debt. It is something which the mortgagee is entitled to have decreed him when he proceeds on the mortgage deed. But the debt having been paid before the bill was filed the mortgage has become by its very terms void, and no action can be maintained on it. Payment of the debt destroys the lien of the mortgage. Jones on Mortgages, §§359, 1606 and 1607; Mayer vs. Hart, 40 Mick., 517, 29 Am. Repts.

The complainants elected to proceed upon an instrument which did not provide for payment of attorney's fees, instead of proceeding upon the instrument which did provide for the attorney's fees, and having obtained satisfaction of their debt in the proceeding which they elected, they cannot now be permitted to proceed upon the mortgage for the allowance of an attorney's fee.

One of the parties to the mortgage, and one of the defendants to the bill filed in this case, was not a party to the common law suit, or to the note.

The bill shows that the judgment obtained on the debt secured by the mortgage was paid in full before the bill was filed, hence the lien of the mortgage is gone and there can be no foreclosure, and the demurrer was properly sustained.

THE CHIEF-JUSTICE delivered the opinion of the court:

Respondents executed a mortgage to appellants to secure a note for a sum of money. The mortgage is in the usual form and contains these words: " It is also agreed that the grantors, their heirs, &c., shall pay all expenses of collecting said debt, and every portion of it, including attorney's fees and shall repay with twelve per cent. interest per annum all premiums for insurance, and all taxes and assessments that the grantees, their successors or assigns may by default of the grantors, their executors or administrators, necessarily pay, and that said moneys shall be secured by this mortgage.

When the note became due the mortgagees brought suit in a court of law against the maker of the note, which suit was contested by defendant and final judgment was had against him for the amount due, which he paid.

The present suit is instituted to foreclose the mortgage, the complainant alleging that complainants necessarily expended a large sum, to wit: Seven hundred dollars for attorney's fees in the prosecution and conduct of the suit at law, and collecting the money due on the note, which attorney's fees or any part thereof defendant refused to pay.

Complainants pray that an account be taken of their expenses, including attorney's fees in conducting the suit at

law, and that they may have a decree therefor to be satisfied out of the mortgaged property.

To this bill defendants demurred for want of equity and the demurrer was sustained and bill.dismissed, wherefore complainants appeal.

Respondents say that when a mortgage debt is paid the mortgage is discharged. This is true if that is all the mortgage contemplates.

In one of the cases cited by them, (Meyer vs. Hart, 40 Mich., 517,) it was a condition of the mortgage that in a case of foreclosure under the statute, (by advertisement of sale in a newspaper without decree,) the stipulated attorney's fee could not be allowed unless there was a sale. That is not this case.

Here is a stipulation and covenant, not that attorney's fees should be secured and paid in case of foreclosure, but "shall pay all expenses of *collecting* said debt and every portion of it, including attorney's fees, * * and that said moneys shall be secured by this mortgage." The stipulation is not confined to any specific method of collection, but covers any method in which the services of an attorney are usually employed.

It is customary here and elsewhere, when not prohibited by statute, to provide in mortgages that the debtor shall pay the expenses of collection in case of default in making payment. "Nor is it against public policy that the expense of a litigation should be borne by the party whose breach of his contract necessitates such litigation. On the contrary, it accords fully with the soundest principles." Tholen vs. Duffy, 7 Kansas, 410.

In that case, as here, the covenant in the mortgage was to pay "for attorney's fees for collection and services." Clawson vs. Munson, 55 Ill., 394, was a like case. The court remarks: "We can only say that the appellants pro-

vided by their express agreement in the mortgage for all the consequences that have followed, in case of default in prompt payment, and that they could have avoided all hardships by paying the notes at maturity. It is not in the power of the court to relieve a party from the force and consequences of his own agreement." See also Williams vs. Meeker, 29 Iowa, 292 ; Mans. vs. McKellip *et al.*, 38 Md., 231 ; Jones vs. Schulmeyer, 39 Ind., 119, 128. In the latter case it was also held that a married woman is bound by such a contract in her mortgage. There are numerous cases in the reports which might be cited to sustain the rule laid down in the foregoing citations and we have found nothing to the contrary.

In these conclusions we only hold the party to the strict letter of his covenant, and that is that he will pay all the expenses incurred in collecting the debt, including attorney's fees, in whatever forum the plaintiffs might lawfully proceed for that purpose. But in this we do not mean that the plaintiffs may pay an extravagant amount to his attorney and charge it against the debtor. The amount must be reasonable, not exceeding a fair remuneration for the services to be ascertained by the Chancellor upon proper proofs.

The decree sustaining the demurrer is reversed.