WILLIAM C. SMITH, Administrator, Appellee, v. CITY OF PELLA, Appellant.

1. **Bill of Exceptions:** FORM: SUFFICIENCY. Where the shorthand reporter's notes of the evidence in a cause have been duly certified and filed, a bill of exceptions in skeleton form directing the clerk to insert therein the testimony and exhibits referred to in said shorthand notes is sufficient.

2. **Streets:** DEFECTIVE SIDEWALK: CITY ORDINANCE: NEGLIGENCE: EVIDENCE. In an action against a city to recover for injuries sustained through a defective sidewalk, an ordinance of the city prescribing the manner in which its sidewalks should be constructed, is admissible in evidence upon the question whether the walk in controversy was properly constructed or not, but is not conclusive upon such question.

3. ——: ——: NEGLIGENCE: SPECIAL FINDINGS. The issue being whether it was negligence to construct the sidewalk with two stringers instead of three, regardless of the ordinance, *held*, that the court properly submitted to the jury an interrogatory as to whether the sidewalk in question was originally constructed in a safe and proper manner.

4. ——: ——: ——: NOTICE. A city being bound by the knowledge of defects in its sidewalks possessed by any of its officers having charge of such matters, it is immaterial to determine in such case as to which one had such knowledge.

5. ——: ——: ——: ——. Notice to the city of a defect in its sidewalks may be shown by evidence of the condition of the walk, that the city's officers passed over it, and that a man was sent to repair it.

*Appeal from Marion District Court*—HON. J. H. HENDERSON, Judge.

TUESDAY, OCTOBER 11, 1892.

ACTION to recover damages for injuries to the plaintiff's intestate, resulting in his death, alleged to have been caused by his being thrown violently forward while walking upon one of the defendant's public sidewalks by reason of a loose board therein being tipped up by a person walking in the opposite direction. It is charged that the defendant was negligent in constructing said walk of boards lying crosswise upon two stringers, instead of three, as required by one of its ordinances, and in permitting said walk to become and remain out of repair, and the boards thereon loose, and liable to be tipped up and displaced. The defendant answered, denying the allegations of negligence. The case was tried by a jury, and a verdict for the plaintiff for seven hundred dollars, with answers to certain special findings, returned. Judgment was entered upon the verdict, and the defendant appeals.—*Affirmed.*

*George W. Crozier* and *Hays Bros.*, for appellant.

*Kauffman & Guernsey* and *Earle & Prouty*, for appellee.

GIVEN, J.—I. The appellee contends that the evidence was not properly preserved and identified. The

**1. BILL of exceptions: form: sufficiency.**

evidence was taken in shorthand, and the shorthand notes and the translation thereof duly certified and filed. The documentary evidence was duly identified in the notes of the evidence. The bill of exceptions is in form commonly known as a "skeleton bill." After the usual caption, it reads as follows: "Here the clerk will insert the shorthand notes of the shorthand reporter, on file in this case, and the translation thereof, and copy and insert in full. all the evidence of all the witnesses, and and exhibits offered in evidence and referred to in said reporter's notes, including all of ordinance No. 22 of the city of Pella, Iowa, and all objections to the testimony made on the trial of the cause, and the rulings of the court thereon, and the exceptions thereto." Following this are similar directions as to special interrogatories and instructions. Code, section 2834, provides that the bill need not include therein, spread out at length, any writing filed in court, but may incorporate the same by any unmistakable reference thereto ; and the clerk, in making a transcript of the bill of exceptions, shall write therein at length all such writing included therein by reference." This evidence, oral and documentary, was preserved and identified by the duly-certified and filed notes of the reporter, and is "unmistakably" referred to in this bill of exceptions. See *Wilson v. First Presbyterian Church*, 60 Iowa, 112, and Miller's notes to said section.

II. The appellant complains of certain rulings of the court upon the introduction of evidence. The

2. Streets: defective sidewalk: city ordinance: negligence: evidence. plaintiff was permitted to introduce in evidence, over the defendant's objection, an ordinance of the defendant city, prescribing the manner in which sidewalks should be constructed, and the court instructed with reference thereto as follows:

"While the city is required to build its sidewalks in a proper and safe manner, yet if it has built its sidewalks in a proper and safe manner, as ordinary care and prudence requires, it would not be liable for damages, even though you may find from the evidence that the walk was not built according to the way and manner prescribed in the ordinance. You are, however, to consider the ordinance providing the way and manner of constructing walks in determining whether the walk in controversy was properly constructed or not."

It is alleged in the petition "that said sidewalk was not only at and prior to said date in a dangerous condition, but was defective in its original construction; that it was constructed of boards lying crosswise upon two stringers lying lengthwise, while the ordinance of said city required that walks of that character should have three stringers." The negligence in construction here charged is that but two stringers were used where care required three, and not that it was negligence to use only two because the ordinance required three. The appellant's contention is that the question of negligence in construction was to be determined by the jury without reference to the ordinance. We are of the opinion that, while the requirement of the ordinance is not the standard of care, yet it was admissible for the purposes indicated by the court in the instruction.

The appellee cites authorities that tend to sustain the view that to construct the sidewalk otherwise than as provided in the ordinance would be negligence "*per se.*" We are of the opinion that a failure to con-

struct the walk as required by the ordinance is not *per se* conclusive proof of negligence, but only *prima facie* evidence thereof; while the construction in compliance with the ordinance would be *prima facie* evidence of care, and that either party may disprove the presumption; the plaintiff by showing that the construction according to the ordinance was not the exercise of due care, and the defendant, that a construction different from that required by the ordinance was with due care. There was no error in admitting this evidence for the purpose indicated by the court in its construction. As bearing somewhat upon the subject, see the following cases: *Correll v. B., C. R. & N. R'y Co.*, 38 Iowa, 120; *Messenger v. Pate*, 42 Iowa, 443; *Meek v. Pennsylvania Co.*, 38 Ohio, 632; *McConnell v. City of Osage*, 80 Iowa, 293; *Armstrong v. Town of Ackley*, 71 Iowa, 76; *O'Neil v. Village of West Branch*, 45 N. W. Rep. (Mich.) 1023.

III. The appellant complains of the submission of the following special interrogatory: "Was the sidewalk in controversy originally constructed in a

3. ——: ——: negligence: special findings.

safe or proper manner?" The objection is based upon the claim that the only issue of negligence in construction is because the walk was not constructed as required by the ordinance. As already stated, we think the issue was whether it was negligence to construct with two stringers instead of three, regardless of the ordinance. We think the appellant's construction of the ordinance is correct, namely, that it does not require three stringers. There was no error in submitting the interrogatory, nor in refusing the instruction asked by the defendant.

IV. The defendant asked that the jury be required to find "whether or not any of the officers of the city of Pella knew that the board was loose;

4. ——: ——: ——: notice.

and, if so, which one of them." The court submitted the following: "Did the defendant, or

any of its officers, have notice of the defect in the sidewalk under controversy at place of alleged injuries prior to the alleged injury?" The appellant complains because the jury were not required to find which of the officers, if any, had such notice. As the defendant was bound by the knowledge of either of its officers charged with respect to its sidewalks, it was not material to determine which particular one had such knowledge. The interrogatory submitted fully answers the appellant's complaint that the jury were not limited to the particular defect in the walk at the place alleged. The other interrogatories asked and refused are either covered by those submitted, or do not present ultimate facts in the case, such as should have been submitted to the jury.

V. The third instruction asked and refused is based upon the claim that there was no evidence of actual notice of the alleged defect in the walk. There is evidence that there was a loose board in the walk, that it was observed by some of the defendant's officers shortly before the accident, and that a man was sent to repair it; but it is not shown certainly that the repair was made. There was other evidence from which actual notice might be found,— such as the condition of the walk, and the fact that the defendant's officers passed over it. The questions already considered were raised by instructions asked and refused, which need not be further noticed.

We have examined the several objections made to the instructions given, and fail to discover any merit therein beyond the questions already considered. We think the instructions given fairly and fully present the case to the jury. We are also of the opinion that the answers of the jury to the special findings submitted by the court have support in the testimony.

Our conclusion upon the whole record is that the judgment of the district court should be AFFIRMED.