MRS. KATE McCARTNEY v. THE CITY OF WASHINGTON, Appellant.

**Cities:** PERSONAL INJURY: SERVICE OF NOTICE. The mayor of a city
1  has power to accept service of notice of injury from a defective sidewalk, as provided in Code, section 3447.

**Negligence:** PLEADINGS. Where the notice of an injury served on a
2  city specifies the circumstances of the accident and condition of the walk, the plaintiff may plead the particular grounds of negligence at any time within two years from the accident.

**Evidence:** MANNER OF CONSTRUCTION OF WALK: INSTRUCTION. In an
3  action for injury from a defective sidewalk, an ordinance adopted after the walk in question was built, requiring construction in a different manner, was inadmissible; but in view of the court's instruction held to be without prejudice.

**Evidence:** ADMISSIBILITY. Certain rulings on the admission of evi-
4  dence, in relation to the manner of construction and repair of the walk, and its condition, are sustained.

**Immaterial evidence.** Where there is no claim that the verdict is ex-
5  cessive, a consideration of immaterial evidence is without prejudice.

*Appeal from Washington District Court.*— HON. W. G. CLEMENTS, Judge.

WEDNESDAY, JUNE 15, 1904.

Judgment against defendant for damages.   It appeals. — *Affirmed.*

*W. H. Butterfield* and *Stockman & Hamilton,* for appellant.

*H. M. Eicher* and *S. W. Brookhart,* for appellee.

Ladd, J.— In the evening of July 1, 1900, the plaintiff, in passing along one of the streets of defendant city, tripped on a plank in the sidewalk, and was seriously and perma-

**1. Personal Injury: service o- notice.** nently injured.   An action for such an injury must be brought " within three months, unless written notice specifying the time, place and circumstances of the injury shall have been served upon the county or municipal corporation to be charged within sixty days of the happening of the injury," and, when so served, within two years. Section 3447, Code.   Notices such as here contemplated were delivered to the mayor and city solicitor of defendant, each of whom indorsed an acknowledgment of service thereon September 10, 1900.   As these notices were directed to the city, they were not open to the exception sustained in *Claflin v. Iowa City,* 12 Iowa, 284.   But it seems to be thought that, though service may be made on the mayor, he has no power to acknowledge or waive such service.   It will be observed that the manner of service is not pointed out.   At the common law a municipality was served with process by notifying the mayor or other head officer, " as being the most visible part of the corporation." *People v. Cairo,* 50 Ill. 154; *Cloud v. Pierce City,* 86 Mo. 357.   Section 3531 of the Code provides that " in an action against a municipal corporation service may be made on the mayor or clerk."   One of the methods of service prescribed by statute is " by taking an acknowedgment of the service endorsed thereon (notice), dated and signed by the defendant."   Section 3518 of the Code.   The service upon the mayor, though on account of his connection with the corporation, is nevertheless a personal

act. It is a notice to the individual of the proceeding or claim against the body corporate which he represents, and his acceptance of service is nothing less than the declaration in writing that he received such notice. Any one *sui juris,* at least, upon whom service may be executed, may acknowledge that he has been served. *Talladega Ins. Co. v. Woodward,* 44 Ala. 287. See *Conklin v. City of Keokuk,* 73 Iowa, 343, also *City of North Lawrence v. Hoystradt,* 6 Kan. 170, where the court held that the city was held by the voluntary appearance of the mayor without notice. The service was sufficient.

II. The plaintiff first alleged that the original construction of the walk was defective in a substituted petition filed January 31, 1902. To this the defendant demurred on

**2. Negligence: pleadings.** the ground that it was not included in the notice served on the city. While the circumstances of the injury are to be stated in the notice, the statute does not require the causes which produced the injury to be enumerated. The notice specified the condition of the walk, and, though it undertook to attribute this to the negligence of the city, this was not essential to its sufficiency. The plaintiff was at liberty to assert the particular grounds of negligence at any time within two years from the accident, provided these related to the same injury.

III. The evidence on the part of defendant tended to show that the usual and ordinary method of building walks in Washington prior to 1900 was of two-inch plank five feet

**3. Evidence: manner of construction of walk; instruction.** in length, nailed to white pine stringers three inches by four inches, and extending over four or five inches. In rebuttal the plaintiff introduced an ordinance of the city adopted August 24, 1898, requiring the stringers to be four inches square and the plank to extend over them but two inches. This was objected to because adopted after the construction of the walk in controversy. The objection should have been sustained. Neither *Smith v. Pella,* 86 Iowa, 238, nor *Shumway v. Burlington,* 108 Iowa, 426, sustain the ruling, for in those cases the ordi-

nances were passed before the walks were built. Instruction 14, however, given at the request of the defendant, had the effect to withdraw this ordinance from consideration, for the jury was therein told that, if the sidewalk was constructed prior to the passage of the ordinance, not to consider it in determining the proper method in which the walk should have been built. · In view of this instruction, the admission of the ordinance was without prejudice.

IV.   McKay merely claimed to have repaired the walk in 1888, and, in view of the charge that the original construction was defective, it was proper to inquire of him when this was done, and the kind of material used. In the course of his cross-examination he was asked whether he had already said that the walks were made of old lumber. The record was best evidence of what the witness had said, and, even though the proper objection was not interposed, it was permissible for the court to prohibit repetitions of this kind. The evidence of Stevenson concerning the condition of the walk near by the point of accident was rightly received (*Yeager v. Spirit Lake.* 115 Iowa, 593), as was that of Stiles of the ordinary duration of such a walk (*McConnell v. Osage,* 80 Iowa, 295). The testimony of Brookhart that the sidewalk was more rotten three or four years after 1896 than at that time, even though a conclusion, was without prejudice, for this was inevitable in the course of nature. The objection to a question put to Parker with reference to the usual method of constructing walks was properly sustained, because not confined to the defendant, or like cities, at any time. The admissibility of the evidence of Roy Crawford is sufficiently vindicated by *Parker v. Ottumwa,* 113 Iowa, 649.

4. Evidence: admissibility.

V.   Complaint is made that the court considered an offer of compromise made by the husband in another case against the city. Whether he did or not is entirely immaterial, for appellant does not claim in argument that the verdict was excessive, and we do

5. Immaterial evidence.

not so regard it. Some other errors are asserted, but not argued.— AFFIRMED.