W. H. BLACK, LOUISA BLACK, ANNIE BURK, LOMAN BLACK and SARAH BLACK v. EMMA CHASE, SAMUEL CHASE, Appellees. GEORGE BLACK, MARY BLACK, ARCHIBALD BLACK, MARY BLACK, SAMUEL BLACK, DELILA BLACK, Appellants.

ARCHIBALD BLACK, MARY E. BLACK, Appellants, v. LOMAN BLACK, SARAH J. BLACK, WILLIAM H. BLACK, LOUISA BLACK, ANNIE BURK, JOHN BURK, EMMA B. CHASE, SAMUEL CHASE, Appellees. GEORGE BLACK, MARY BLACK, SAMUEL BLACK, DELILA BLACK, Appellants, and H. C. MILLER, Administrator.

**Appeal:** SERVICE OF NOTICE: JURISDICTION. Failure to serve notice of appeal on a co-party who will be adversely affected by any change in the decree appealed from will deprive the appellate court of jurisdiction.

**Service of notice:** ACKNOWLEDGMENT. The signature to the acknowledgment of service of process, when dated and in proper form, will be presumed genuine, in the absence of evidence to the contrary.

*Appeal from Jefferson District Court.*—Hon. C. W. Ver-
million, Judge.

MONDAY, OCTOBER 25, 1909.

REHEARING DENIED TUESDAY FEBRUARY 15, 1910.

THE facts are stated in the opinion. George Black,
Samuel Black, and Archibald Black appeal. Appeal in first
case *dismissed*. Judgment *affirmed* in second case.

*Leggett & McKemey,* for appellants.

*Crail & Crail,* for appellees.

LADD, J.—George Black died September 13, 1907,
leaving him surviving seven children. He was a widower,
and the title to the two hundred acres of land in controversy
was in his name. On September 20, 1908, three of the
children, W. H. and Loman Black and Anna Burk, and
their respective spouses, filed a petition praying that the
land be partitioned. Three others, Samuel, George, and
Archibald Black, filed separate answers, each alleging that
he was owner of forty acres of the land under a deed exe-
cuted to him by the deceased and wife, March 16, 1881.
Each also pleaded by way of abatement the pendency of an
action wherein Archibald Black and wife were plaintiffs and
the other children defendants. September 17, 1908, Archi-
bald and wife filed an amendment to their answer, in which
they alleged an oral agreement with deceased made in 1886,
whereby they were to make their home with, care for and
board deceased during the remainder of his life, and as
compensation to have sixty acres of said land; that they had
performed said contract, and prayed that they be awarded
said land. Anna Chase, a daughter, and her husband,
Samuel, though duly served with notice, did not appear.

On October 2, 1907, Archibald Black and his wife, Mary, began suit by filing a petition, alleging that George Black died seised of the sixty acres of land heretofore mentioned and another twenty acres, and that each of the children owned an undivided one-seventh interest therein, and prayed that the same be partitioned. Subsequently, on September 17, 1908, the plaintiffs amended their petition by alleging the contract heretofore mentioned, and that they were entitled to the land because of the agreement with deceased, and prayed that the title to the sixty acres be quieted in them, and that the remaining twenty acres be partitioned as prayed. On December 2, 1907, W. H. and Loman Black, Annie Burk, and Emma Chase, with their respective spouses, filed an answer, which was amended subsequently to the filing of the amendment to the petition, in which they pleaded the pendency of the action first mentioned in abatement, and made their replies in the former action a part of their answer. By agreement of the parties the cause first mentioned, bearing the number 4702, was tried and submitted to the court, and with it the cause last mentioned No. 4704. There was no order or agreement for the consolidation of the causes, and they were not treated as consolidated by the district court, though they were submitted together on the same evidence. The district court adjudged the plea in abatement in the cause No. 4704, good, and dismissed that action. Decree was entered in cause No. 4702, establishing the claims of George, Samuel, and Archibald Black to the respective forty-acre tracts, dismissing the claim of Archibald Black to the sixty acres, and directing that the sixty acres be partitioned. The court also fixed the value of the respective forty-acre tracts, and decreed that such values be treated as advancements, and charged to the respective owners in the partition proceedings. Attorney's fees were ordered taxed in favor of plaintiffs' attorneys, and the costs apportioned between the parties.

The appellees contend that because of the failure to

serve certain parties with notice of appeal, this court is
without jurisdiction to hear the causes *de novo.* The notice

1. APPEAL: ser-
vice of no-
tice: jurisdic-
tion.

of appeal in No. 4702 was entitled "W. H.
Black et al., Plaintiffs, v. Emma Chase et al.,
Defendants," and was addressed to W. H.
Black and others, plaintiffs, and to the defendants and to
Crail & Crail, their attorneys of record, and to W. C. Smith,
clerk of said court. The service was by acceptance, and was
signed "Crail & Crail. Attorneys for the Plaintiff." It
will be recalled that one of the children, Emma Chase, and
her husband, Samuel, was a party defendant, and did not
appear in that action, and no pleading was filed in her
behalf. The acceptance of service by Crail & Crail did not
purport to be for her, and was not for her, as it does
not appear that they were her attorneys in that action.
Any change in the decree would adversely affect her inter-
ests. This is apparent, for the appellants are challenging
the order declaring the conveyance of the forty-acre tracts
advancements and the dismissal of the claim of Archibald
Black and wife to the sixty acres of land. Should this court
take a different view of either of these questions, it would
decrease the share to which Emma Chase would be entitled
in the estate of deceased. *Dillavou v. Dillavou,* 130 Iowa,
405. It follows that this court can not consider the appeal
in cause No. 4702. Is this result obviated by the service
of notice of appeal in cause No. 4704? It will be recalled
that Archibald Black and wife alone were plaintiffs in that
action, and that the other children and their spouses were
defendants. The notice of appeal is entitled, "Archibald
Black, George Black, Samuel Black, and Their Wives,
Plaintiffs, v. Loman Black et al., Defendants." This notice
is addressed to "Loman Black, W. H. Black, Samuel Black,
Emma Chase et al., and Crail & Crail, Their Attorneys,
and to W. C. Smith, Clerk of said Court," and is signed by
"Leggett & McKemey, Attorneys for Plaintiffs." Service
was accepted by "Crail & Crail, Attorneys for Defendants."

So that, although Samuel and George Black are written in the title of the notice as plaintiffs, they were in fact defendants, and the attorneys, Leggett & McKemey, signed the notice only as attorneys for plaintiffs.   They had neither appeared nor answered in cause No. 4704, and the only circumstance indicating that Leggett & McKemey were their attorneys therein, save the notice itself, is their appearance for them in the other action.   Even if it be thought that the recital of the names of Samuel and George Black in the notice as plaintiffs, and the attorney's signature as for plaintiffs, was sufficient to indicate that, although defendants, they appealed, and such appeal be regarded as perfected, this will not aid them for the plea in abatement in the suit was rightly sustained.

The petition in cause No. 4704 was filed nearly two weeks after that in cause No. 4702; and, unless service was completed therein prior to the completion thereof in the former action, the decision must be sustained. *Guinn v. Elliott,* 123 Iowa, 179.   Service of notice in this action was acknowledged by Samuel Black and George Black, and wives, September 30, 1907; by William Black and wife, October 4, 1907; by Loman Black and wife and Anna Burk, October 1, 1907, and served on Emma Chase and husband, October 8, 1907. The return of service on John Burk was insufficient, so there is no proof that he was served at all.   In cause No. 4702 Archibald Black and Samuel Black were served October 4, 1907, and George Black and wife on October 7th of the same year.   Emma Chase and husband were served with notice on October 15, 1907, by the sheriff in California.   An original notice was also presented with acknowledgment of due, legal, and timely service dated September 24, 1907, which purported to be signed by Emma B. Chase and Samuel J. Chase.   So that, if service was proven by the acknowledgment of service by Emma and Samuel Chase, cause No. 4702 was begun one day before

2. SERVICE OF NOTICE: acknowledgment.

No. 4704. There is some conflict in the authorities as to whether signatures to such acknowledgment, when dated and in the form prescribed by statute, shall, in the absence of evidence to the contrary, be presumed to be genuine. See cases collected in 19 Encyclopedia Pleading & Practice, 698.

The question was settled in this state more than fifty years ago in the case of *Johnson v. Monell,* 13 Iowa, 300. Speaking through Baldwin, J., the court said: "We do not think that any evidence except the acknowledgment itself is required. Section 2816 of the Revision provides that the notice may be served by taking an acknowledgment of the service indorsed upon the notice, dated and signed by the defendant. A waiver of service is equivalent to an acknowledgment of service, and the manner in which the acknowledgment is taken is pointed out by the language of the section by the defendant's dating and signing the same. If it had been contemplated by the Legislature that proof of the taking, etc., should be made, there would have been some language used to indicate such a design. The signature to the waiver, dated, etc., is *prima facie* evidence of the service. It is to be regarded by the court in the same light as the signature to a pleading." *Metz v. Bremond,* 13 Tex. 394. See, also, *Cheney v. Harding,* 21 Neb. 65 (31 N. W. 255); *Allured v. Voller,* 107 Mich. 476 (65 N. W. 285); *Maclin v. Ins. Co.,* 33 La. Ann. 801; *Hewett v. Buck,* 17 Me. 147 (35 Am. Dec. 243).

The court did not err in sustaining the plea of abatement in case No. 4704; and, as a coparty in cause No. 4702 whose interest would be affected by any change in the decree was not served, we are unable to consider either cause on the merits. The appeal in cause No. 4702, is *dismissed,* and the decree in No. 4704 is *affirmed.*