GEORGE B. COLLINSON, appellant, v. CITY OF DUBUQUE, a municipal corporation, appellee.

No. 47748.

(Reported in 47 N.W.2d 839)

MAY 8, 1951.

REHEARING DENIED SEPTEMBER 21, 1951.

O'Connor, Thomas & O'Connor, of Dubuque, for appellant.

John J. Kintzinger and Robert M. Czizek, both of Dubuque, for appellee.

MULRONEY, J.—We granted petition for rehearing in this case and since a different result is now reached the former opinion reported in 45 N.W.2d 148 is now withdrawn.

Plaintiff-Collinson appealed to the district court from a special sewer construction assessment levied against his property by

the defendant, City of Dubuque. The city's amended special appearance attacked the jurisdiction of the court on the ground that plaintiff's attorney had taken the written acknowledgment of service, signed by the city clerk, that was endorsed on the original notice. The trial court sustained the special appearance and plaintiff appeals. The main question on this appeal is whether, under rules 52 and 56 of Rules of Civil Procedure, an acknowledgment of service can be taken by an attorney who is attorney for a party in the case.

I. Rule 56, Rules of Civil Procedure, provides in part as follows:

"Personal service. Original notices are 'served' by delivering a copy to the proper person. Personal service may be made as follows: (a) Upon any individual aged eighteen years or more who has not been adjudged incompetent, either by taking his signed, dated acknowledgment of service indorsed on the notice; or by serving him personally; * * * (h) Upon any city or town by serving its mayor or clerk."

Rule 52 deals with who can serve such notice. We quote: "Original notices may be served by any person who is neither a party nor the attorney for a party to the action."

██ ██ The result in our former opinion was reached by considering first the disqualification of an attorney for a party in the matter of serving an original notice (rule 52) and then holding that the taking of an acknowledgment of service was really one of the methods of service set forth in rule 56. It must be admitted that the language employed by the drafters of the two rules would easily support such an interpretation. But this is apparently the only rule (rule 56) that mentions acknowledgment of service. The manner of "taking" an acknowledgment is not defined. The rule states it must be dated and signed, but under our former opinion it might well be that proof of such service would have to include proof with respect to the taker to determine whether or not he be disinterested. Upon further consideration we are disposed to believe the intent was to rest the jurisdiction on the signature to the endorsed acknowledgment without regard to who took the acknowledgment. Actually the signed acknowledgment of service endorsed on the original notice is the "full equivalent

of actual personal service." 66 C. J. S., Notice, section 18, page 661. An acknowledgment of service is something that renders service of the notice unnecessary. 50 C. J., Process, section 86; Black v. Chase, 145 Iowa 715, 122 N.W. 916; Johnson v. Monell, 13 Iowa 300. While rule 56, R.C.P., does say notices are " *'served'* * * * by taking * * * signed, dated acknowledgment of service indorsed on the notice" it cannot mean the taker of such an ac-. knowledgment is the server of the notice. (Italics supplied.) If it be thought there is any service in an acknowledgment of service then it must be the signer of the acknowledgment is serving himself. It is his signed acknowledgment that takes the place of the officer's signed return in a served notice.

Section 11060, Code, 1939, which was supplanted by rule 56, contains much the same language as the rule in so far as it too stated: "The notice shall be served as follows: * * * 3. By taking an acknowledgment of the service indorsed thereon, dated and signed by the defendant." In John Hancock Mut. L. Ins. Co. v. Dower, 222 Iowa 1377, 1389, 271 N.W. 193, 200, decided under the above statute, we said: "Acknowledgment of service of notice is one of the statutory modes of service * * *." In Johnson v. Monell, 13 Iowa 300, 302, we held a signed waiver of notice endorsed thereon was the same as an acknowledgment and we then observed that the statute "provides that the notice may be served by taking an acknowledgment of the service indorsed upon the notice, dated and signed by the defendant." We then held:

"A waiver of service is equivalent to an acknowledgment of service, and the manner in which the acknowledgment is taken is pointed out by the language of the section by the defendant's dating and signing same. If it had been contemplated by the legislature that proof of the taking, etc., should be made, there would have been some language used to indicate such a design. The signature to the waiver, dated, etc., is prima facie evidence of service. It is to be regarded by the court in the same light as the signature to a pleading."

The above excerpt from the opinion in the Johnson case was quoted with approval in Black v. Chase, 145 Iowa 715, at page 720, 122 N.W. 916, and additional citations from other jurisdic-

990

tions added to support the view that "proof of the taking" of an acknowledgment is unnecessary.

█ It is our conclusion that it is the acknowledgment of service endorsement on the original notice that is the basis for the court's jurisdiction; that it is sufficient if this be dated and signed; and the incidental fact of who hands the notice to the signer or to whom the signer hands it after he has signed is immaterial. As was held in Johnson v. Monell, supra, the statutory requirements as to "manner in which the acknowledgment is taken" are complied with by "defendant's dating and signing the same."

█ II. One other point is raised in the appeal. It is argued the city clerk cannot acknowledge service in a case against the city. As pointed out, rule 56(h) provides for service on the clerk in an action against the city. Anyone upon whom notice can be served can acknowledge service. McCartney v. City of Washington, 124 Iowa 382, 100 N.W. 80, and cases there cited. The ruling of the trial court and the judgment based thereon are reversed. The cause is remanded for further proceedings in harmony with this opinion.—Reversed and remanded.

OLIVER, BLISS, GARFIELD, and THOMPSON, JJ., concur.

SMITH, J., takes no part.