HASKELL v. THE CITY OF DES MOINES.

1.  **Appeal**: EVIDENCE TO SUPPORT VERDICT. Since this court is not
    able to conclude that the jury, in the honest, intelligent and
    unbiased exercise of their discretion, were not justified by the
    evidence in finding for the plaintiff, their verdict cannot be dis-
    turbed.

2.  **Cities and Towns**: DEFECTIVE SIDEWALK: EVIDENCE. In an
    action to recover for an injury caused by a defective sidewalk,
    evidence that the walk "tipped" or inclined to one side was mate-
    rial and competent, especially as the injury occurred at a time
    when it was covered with snow and ice.

*Appeal from Polk District Court.* — HON.  M.
KAVANAGH, Judge.

FILED, MARCH 9, 1888.

ACTION to recover for injuries sustained by a fall
caused by the defective and unsafe condition of the
sidewalk of a street in the defendant city, upon which
plaintiff was walking.   There was a judgment upon a
verdict for plaintiff.   Defendant appeals.

*Detrick & McMartin* and *Hugh Brennan*, for
appellant.

*Phillips & Day* and *George R. Sanderson*, for
appellee.

BECK, J.—The objections pointed out in the assign-
ment of errors and argued by defendant's counsel are
wholly based upon the alleged insufficiency of the
evidence to support the verdict, and certain rulings
made in the admission of evidence.

I.   It may be that the evidence does not, to the mind of all the members of this court, seem to fully justify the verdict, or that, if we were charged with the duty of finding a verdict, it would be the other way; but we are charged with no such duty, and can only inquire whether the jury, in the honest, intelligent and unbiased exercise of their discretion, were justified by the evidence in finding for plaintiff.   We are unable to conclude that they were not.

*1. APPEAL: evidence to support verdict.*

II.   The petition alleges that defendant was negligent in failing to construct and keep the sidewalk upon which plaintiff fell in a safe condition for persons passing thereon.   A witness was permitted to testify that the sidewalk inclined to the right or left, described by the word "tipped" used by the witness.   The evidence was objected to on the ground that it was incompetent and immaterial.   Certainly an inclined or "tipped" sidewalk may be dangerous, and for that reason it would be negligent to so construct or maintain it, or permit it, through want of repairs, to remain in that condition. It would be more dangerous when covered with snow and ice, which was shown to be the case when plaintiff fell.   We are of the opinion that the evidence was competent and material.   These considerations dispose of the questions raised and discussed in the case.   The judgment of the district court is

