MARY FORD, Administratrix of the Estate of H. P. Ford, Deceased, v. THE CHICAGO, ROCK ISLAND & PACIFIC RAILWAY COMPANY, Appellant.

**Negligence: COURT AND JURY.** A railway employe who knew of the location and condition of an unsafe cattle guard, was, as a matter of law, guilty of contributary negligence where, while attempting to pull a coupling pin, he walked between two moving cars and fell into the cattle guard and was run over and killed.

**Instructions.** An instruction which contains an unqualified statement that if an employee was killed by reason of a defective appliance the master is liable, is erroneous where it ignores the defense of contributory negligence and waiver interposed by the master.

**Plea and Proof: INSTRUCTIONS.** In an action for injury by a defective cattle guard, contributory negligence is an affirmative defense and plaintiff need not plead or prove freedom from contributory negligence. Plaintiff may rely on the denial interposed by law, or he may deny the contribution or confess and avoid, with or without denial. And where plaintiff simply files denial, it is error to submit whether defendant could have avoided the injury by reasonable care after discovering the contributory negligence of plaintiff. Such issue should have been expressly pleaded by plaintiff, after defendant asserted contributory negligence.

*Crowley v. Railway*, 65 Iowa, 658, *distinguished.*

**SAME.** An allegation that plaintiff's intestate "dropped into the cattle guard while he was in such position that he could not see it (cattle guard), with the knowledge of the engineer, fireman and watchman that he could not see it" is not sufficient to raise that issue.

**Pleading: BURDEN OF PROOF:** *Instruction construed.* Plaintiff averred an injury caused by a defective cattle guard. Defendant pleaded contributory negligence and a waiver of the defect. There was a reply which admitted continuing at work with knowledge of said defect, and of its being dangerous, but it pleaded protest and promise to repair, in avoidance. The court put the burden on plaintiff to prove the alleged negligence and resulting injury and damage and also charged that defendant should establish the contributory negligence and waiver asserted by it. *Held,*

a. An admission that deceased continued at work with knowledge that the guard was defective, standing alone, admits a waiver of

that defect. Hence it was error to oblige defendant to prove an admitted fact.

b. As protest and promise to repair would overcome the said admitted facts, these were properly pleaded in avoidance, but it was for plaintiff to prove that allegation and not for defendant to negative it.

*Worden v. Railway Co.*, 72 Iowa, 301, *distinguished.*

c. While the jury is also told that knowledge of danger is admitted and that this constitutes a waiver, this is not said with reference to burden of proof; nor is it said to be admitted that such knowledge existed without objection and promise of amendment, and therefor, it cannot be known but that the jury held such knowledge not to constitute a waiver because defendant had failed to prove the absence of protest and promise to repair.

d. If the jury did not so understand it, the charge was contradictory.

It said, then, that defendant should prove a fact, and also, that the same fact was admitted.

**Appeal:** PRESUMPTIONS. The appellate court will presume that prejudice resulted from error of the trial court unless the contrary affirmatively appears.

INSTRUCTIONS. An affirmative error in an instruction respecting the burden of broof is available on appeal although the appellant did not request an instruction on that subject.

*Appeal from Cedar District Court.*—Hon. W. G. THOMPSON, Judge.

FRIDAY, MAY 27, 1898.

ACTION at law to recover damages resulting from the death of H. P. Ford. The negligence alleged is failure to erect a safe and sufficient cattle guard at a place where the railroad crosses a public street in the town of West Liberty. The defendant denied the alleged negligence, and pleaded contributory negligence and waiver of the defects. The plaintiff, in reply, pleaded protest and promise of repair. The case was tried to a jury, resulting in a verdict and judgment. for plaintiff. Defendant appeals.—*Reversed.*

*Robert Mather, Cook & Dodge,* and *T. B. Hanley* for appellant.

*Preston, Wheeler & Moffit* for appellee.

DEEMER, C. J.—This is the third time this case has been before us.    The first opinion will be found in 91 Iowa, 179, the second in 71 N. W. Rep. 332.    A re-hearing was granted on the second appeal, and the case has again received most careful consideration.    The facts are fully set out in the first opinion, and need not be repeated, except in so far as they may be necessary to a full understanding of the points decided upon this appeal.

The court instructed that under the issues the burden was on the plaintiff to establish the alleged negligence, the injury to the estate and consequent damage; and on defendant "to establish by a fair preponderance of the evidence the allegations which it makes against plaintiff's intestate, and which it charges contributed to his injury, as well as to establish any waiver claimed by it."    This was the only instruction relating to the burden of proof which was given.    The reply filed by plaintiff admitted that her intestate knew of the cattle guard, and that it was dangerous, and with such knowledge continued in the employment of the defendant.    But, in avoidance, plaintiff pleaded protest and promise of repair.    It is evident that the court was in error in placing the burden on defendant of proving a matter which was admitted in the pleadings.    Appellee contends, however, that waiver consists of four ingredients, viz.: knowledge of danger, continuance in employment, absence of protest, and absence of promise to repair; and that the burden was on defendant to prove each and all of these propositions.    The case of *Worden v. Railway Co.*, 72 Iowa, 201, is cited in support of this position.    In that case the defendant alleged that deceased, long prior to the injury, had full knowledge of the condition of the track, and continued in the service without objection, and without promise of change.    The question here presented does not seem to have been argued in that case, for the reason, no doubt, that defendant pleaded absence of protest and promise to repair.    It is true, we said "that the instruction, standing

by itself, does not express the law, because it omits the element
of waiver, which consists in remaining, after knowledge,
without objection, and without promise of amendment." This
is a correct statement of the law, but it does not support the
appellee's contention in this case. No reference is made to
the burden of proof, and no attempt was made to determine
where it should be placed. The question was determined
adversely to appellee in the case of *Coates v. Railway Co.*,
62 Iowa, 486. In that case it is said, after referring to the
case of *Wells v. Railroad Co.*, 56 Iowa, 520, which requires
the defendant to prove that the person injured had knowledge
of the danger: "We think that, when the defendant has
shown that fact, it may well rest upon it as a defense, and
that, in the absence of some excuse from the plaintiff for
exposing himself to dangers known to him, there can be no
recovery. It is a general rule (subject, of course, to some
exceptions) that a party to an action is not required to establish
the negative of a proposition. When the defendant shows
that the plaintiff knew of the dangerous condition of the
road or machinery which he aided to operate, it is then
incumbent on the plaintiff to show that he was in some manner
justifiable in exposing himself to the danger. The fact that
such proof cannot be made in some cases, where the injury
results in death, is no reason why the rule that the party
who holds the affirmative of an issue is required to assume
the burden of proof should not be enforced. If the burden
had been held to rest on the defendant to prove the negative,
it would have been required to introduce as witnesses all of its
officers and employes to whom such notice might be properly
given, and prove by them that no complaint was made." This
is a correct statement of the rule as we understand it, and is
a complete answer to appellee's argument. In the
argument upon re-hearing, appellee concedes the error
in the instruction, but argues that it was without
prejudice, for the reason that in another instruction, to-wit,
the eighth, the court told the jury that plaintiff conceded that

deceased knew of the location and construction of the cattle guard when he entered defendant's service as a switchman. It is true, such a statement is found in the eight paragraph of the charge, but it has no reference to the question as to the burden of proof. It relates simply to the matter of waiver, and is a correct statement of the law upon that subject. But how are we to know but that the jury understood the word "waiver," as used in instruction 4, as appellee's counsel understood it? As said in the *Worden Case,* "waiver consists in remaining, after knowledge, without objection, and without promise of amendment." So counsel understood it, and the jury, no doubt, had the same idea. If they did, then the fourth instruction cast upon defendant the burden of proving absence of protest, and promise of repair. Again, it is suggested that, as defendant asked no instruction with reference to the burden of proof, it is not in position to complain. It is true, no instruction was asked; but the court, in the absence of a request, undertook to state where the burden was as to each and every issue presented by the pleadings; and the rule is well settled that, when the court attempts to so instruct, it must do so correctly, whether request be made or not. *State v. Pennell,* 56 Iowa, 29. As the reply admitted knowledge of the defect, and continuance in the employment, plaintiff was not entitled to recover without proving affirmatively that deceased protested against the defect, and was promised that it should be repaired. No such instruction was given. On the contrary, the court said that, under the issues as tendered, the plaintiff need only prove the alleged negligence, the injury to the estate she represented, and the consequent damage. Surely, this was error of the most prejudicial kind. Moreover, as the court instructed that the burden was upon the defendant to establish the allegations which it made against the plaintiff's intestate, as well as to establish any waiver claimed by it, and at the same time instructed that plaintiff had admitted that her intestate had knowledge of the

defect and the dangers incident thereto, it is evident that something more was intended by the use of the word "waiver" than mere knowledge and continuance in employment. Counsel for appellee certainly had this idea upon the original submission, and it is strange if the jury did not reach the same conclusion. When error appears, prejudice will be presumed, unless the contrary affirmatively appears. With this rule in mind, it seems quite clear that there was not only error, but that the error was prejudicial. But it is said the instructions, taken as a whole, are not erroneous. This argument is based upon the thought that the jury understood the term "waiver" to mean no more than knowledge of the defect, and continuance in the employment, and further proceeds upon the idea that, as the eighth instruction states that these matters were admitted, there was no prejudice. The fault in this argument lies in the fact that, if the instructions are so construed, they are in direct conflict; one saying that the burden was upon defendant to prove a certain state of facts; and others, that this same state of facts was admitted by the plaintiff. Contradictory and conflicting instructions are almost universally held to be erroneous, except in cases where the court can say there was no prejudice. See *Carlin v. Railroad Co.,* 31 Iowa, 371; *Potter v. Railroad Co.,* 46 Iowa, 399; *Roby v. Appanoose County,* 63 Iowa, 113; *Blaul v. Tharp,* 83 Iowa, 665. From any point of view, the instruction was erroneous, and, as the error does not affirmatively appear to have been without prejudice, the case must be reversed.

II.   .The negligence charged was the failure to construct and maintain a good, safe, and sufficient cattle guard. The defendant, as we have seen, pleaded contributory negligence. To this plaintiff responded by a general denial. The twelfth instruction given by the court was as follows:   "If you should find from the evidence, and under the foregoing instructions, that the plaintiff's intestate, H. P. Ford was negligent, still defendant could not escape liability if the act which caused the injury was done by defendant after

it discovered said Ford's negligence, if you find from the evidence that defendant could have avoided the injury in the exercise of reasonable care." This instruction is challenged because it is said there was neither pleading nor proof to sustain it. A careful examination of the evidence leads us to the conclusion that there was sufficient to take the case to the jury, provided the question is properly made in the pleadings. It must be remembered that this is not a case where plaintiff must plead and prove freedom from contributory negligence. Such negligence is a defense which the defendant must plead and prove. See 91 Iowa, 179. When such an issue is tendered, plaintiff may rely upon the denial interposed by law, or he may file a written denial, or he may confess and avoid with or without a denial. *McDermott v. Railway Co.,* 85 Iowa, 180; *Stanbrough v. Daniels,* 77 Iowa, 561; *Day v. Insurance Co.,* 75 Iowa, 694; *Schulte v. Colthurst,* 94 Iowa, 418; *Nichols v. Railway Co.,* 94 Iowa, 202. These rules are so elementary that they scarcely need the citation of authorities in their support. But appellee insists that, when contributory negligence is pleaded, the rule does not apply; and she relies upon the case of *Crowley v. Railway Co.,* 65 Iowa, 658. That was a case where plaintiff was injured by a moving train negligently run with great force, and at a speed in violation of the ordinances of the City of Cedar Rapids. The plaintiff pleaded freedom from contributory negligence, which the defendant denied. In passing upon an instruction very similar to the one above set forth, the court said: "It is insisted that there is neither averment nor proof that the defendant could have prevented the injury after the discovery of plaintiff's negligence. We do not think such an allegation is necessary to be made in the petition. It is a phase of the rights and obligations of the parties, which arises upon the proof, rather than by pleading. We know of no rule of pleading which requires the plaintiff, in actions of this character, to confess negligence on his part, and avoid it by alleging that the defendant might have averted the injury by using

proper care after the discovery of plaintiff's peril." As
applied to the facts in that case, this statement of the law is
·correct. In other words, recovery in such a case is not upon
the ground that defendant has been guilty of a second and
independent act of negligence, which must be charged as a
separate and independent cause of action, but upon the ground
that defendant's recklessness and wantonness cannot be
·excused by plaintiff's contributory negligence. In the case
at bar the negligence charged was the failure to maintain. a
·safe and sufficient cattle guard. All that plaintiff needed to do
in the first instance was to plead and prove the neglect of
the defendant, and the consequent injury. Defendant had the
right to plead in defense that the injury was the result of the
intestate's contributory negligence, independent negligence, or
any other matter or thing which would defeat the plaintiff's
action. If plaintiff desired to avoid this defense by any new
matter, as that the defendant negligently ran the train upon
him after discovering his peril, he should have pleaded it. A
plea of contributory negligence as a defense to an action under
section 1288 of the Code of 1873 is or may be quite different
from an allegation in a petition that plaintiff was free from
contributory negligence. In the latter case it is "a phase of
the rights and obligations of the parties which arises rather
upon the proofs than by the pleadings," and it is not necessary
for plaintiff to do more than state, in a general way, freedom
from contributory negligence. In the former, contributory
negligence is purely a defense, which plaintiff should meet by
proper averment and proof. Any other rule would require
the defendant to meet an issue not tendered by the pleadings,
and of which he could not possibly be advised. The case at
bar is a good illustration of the rule. The cause of action
which the defendant was called upon to meet was failure to
·construct and maintain a good, safe, and sufficient cattle
guard. The defendant pleaded in defense that plaintiff's
intestate was guilty of contributory negligence in walking
into the guard. Plaintiff denied this. It was practically

admitted at the trial, however, that the deceased did know
of the defective guard, and that he walked into it with this
knowledge.  Whether or not his act in so doing was negligence,
was properly submitted to the jury.  But the court also gave
the instruction now complained of, which related, not to the
negligence charged in the petition, but to the negligence of
the engineer and trainmen in charge of the train after they
knew of the peril deceased was in.  Surely, this is not a phase
of the negligence charged.  Under section 2665 of the Code
of 1873, which provides, in substance, that there may be a
reply "where some matter is alleged in the answer to which
plaintiff claims to have a defense by reason of the existence of
some fact which avoids the matter alleged in the answer," it
was held in the case of *Hay v. Frazier,* 49 Iowa, 454, that, if
plaintiff expects to introduce evidence of matter to avoid the
facts pleaded in the answer, he should plead such matter by way
of reply. See, also, *Zinck v. Insurance Co.,* 60 Iowa, 266; *Ker-
vick v. Mitchell,* 68 Iowa, 273; *Smith v. Griswold,* 95 Iowa,
684; *Willits v. Railway Co.,* 80 Iowa, 531; *Bank v. Wright,*
84 Iowa, 728.  Appellee contends that the petition charges
negligence of defendant's agents and servants after the peril
of deceased was discovered.  We need not set out the allegation
relied upon.  It is sufficient to say that, in our judgment, it
does not go to the extent claimed.  True, it says that
plaintiff's intestate "dropped into the cattle guard
while he was in such position that he could not see it,
with the knowledge of the engineer, fireman, and watchman
that he could not see it;" but this is far from charging actual
negligence on the part of the defendant's agents after they
discovered the peril deceased was in.  As there was no issue
justifying the giving of the twelfth instruction, it must be
held to be erroneous.

   III.   In the fifth instruction the court said to the jury,
in effect, that if plaintiff had proved that the cattle guard was
not good, sufficient, and safe, and that H. P. Ford sustained

injury and death by reason thereof, then plaintiff was entitled to recover. Complaint is made of this unqualified statement of the law, because it overlooks the defenses of contributory negligence and waiver. The instruction should have had some such qualification. *Hoben v. Railroad Co.,* 20 Iowa, 562. Under the issues as presented, instruction No. 4 asked by the defendant should have been given. It is as follows: "If you find from the evidence that the intestate, H. P. Ford, went between two of the moving cars, at a distance of about seventy-five feet east of the cattle guard in question, for the purpose of pulling a pin to uncouple said cars, and found that the pin which he intended to pull was sticking fast, so that he could not pull it out with his hand, and that he thereupon took the other coupling pin, and attempted to loosen the fastened pin by pounding it, and, while so engaged continued to walk between the moving cars, towards the said cattle guard; and if the jury further find that said H. P. Ford knew of the location of said cattle guard and might have avoided it by stepping from between said cars, but failed to do so,—then the said H. P. Ford was guilty of contributory negligence, and your verdict must be for the defendant." As sustaining this view, see *Picart v. Railway Co.,* 82 Iowa, 148.

Some other matters are discussed by counsel, but, as they will not arise upon a re-trial, they will not be considered. For the errors pointed out, the judgment is REVERSED.