W. D. BRANSTRATOR, Appellant, v. KEOKUK & WESTERN RAILWAY COMPANY.

**Master and Servant: RAILROADS.** An employe of an independent contractor engaged by a railroad company to load slack on cars, cannot recover from the company for personal injuries caused by the falling of a piece of slack, upon the ground that he relied upon the company's promise, made to the contractor's employes, to cool the top of the pile with water, since the promise to repair is only important to rebut the inference that defects are waived

by continuance in employment with knowledge of their existence; and as the company had no duty in the premises, the employe waived nothing by continuing in the contractor's employment.

ASSUMING RISK OF EMPLOYMENT. Where a railroad company employs a person to remove a pile of slack, and all the dangers incident thereto were obvious to such person. it is not liable for negligence to an employe of such person who is burned by the slack, where it is in the same condition and in the same location when the injuries are received as when the contract was made.

*Appeal from Appanoose District Court.*—HON. M. A. ROB-ERTS, Judge.

MONDAY, MAY 15, 1899.

THE petition alleges that the defendant employed one Anderson to load slack on cars at a particular side track, at a specified price per car; that the slack was in a pile twenty feet or more high next to this track; that, as taken from the coal mine, it was dumped on the top of the pile, where it burned and smouldered, while the bottom was cool and could be shoveled on the cars; that the defendant, knowing that between the pile and the car was a dangerous place to work, took no precaution to protect the plaintiff or other employes of Anderson; that it did not pour water on the top of the pile to cool it, though this the defendant so promised on plaintiff's complaint, and plaintiff, by reason of such promise, continued at such work; that because of defendant's failure to make the place where plaintiff worked safe, by protecting it from the falling slack on the steep side of the pile, or cooling it with water, a large chunk or mass fell or slipped down, striking him on the arm and injuring him; that he knew nothing of the danger referred to; and he asks damages. The defendant demurred to the petition on the ground that it affirmatively appeared that plaintiff was not the servant or employe of the defendant, or under its control, at the time he claims to have been injured, but was the servant and was an employe of an independent contractor of the defendant. This demurrer was sustained, and, the plaintiff electing to stand thereon,

judgment was rendered dismissing the petition, and he appeals.—*Affirmed.*

*Vermillion & Valentine* for appellant.

*Baker & Moore,* for appellee.

LADD, J.—There can be no controversy over the proposition that the master must furnish suitable machinery for the use of the servant and a safe place for him to work. But here Anderson, and not the defendant, was the master. *Humpton v. Unterkircher,* 97 Iowa, 509. The liability of the defendant, if any, cannot depend upon, or rise out of, any contract with the plaintiff, for there was none, but must rest on its neglect of some duty which it had undertaken towards him in common with other laborers of Anderson. *Toomey v. Donovan,* 158 Mass. 232 (33 N. E. Rep. 396) ; *Johnson v. Spear,* 76 Mich. 139 (42 N. W. Rep. 1092) ; *Neimeyer v. Weyerhaueser,* 95 Iowa, 497. It was not remiss in its duty with respect to appliances of machinery, for it had agreed to furnish none. Was defendant negligent with respect to the place where the work was to be done? The contract was made with reference to the pile of slack in the same condition, and the track in the same location, as when the accident happened. All the dangers incident thereto were obvious to Anderson. But it is said that the plaintiff complained, and the defendant promised to cool the slack by throwing water on it, and because of this promise he continued work, and was injured. As the defendant had omitted no duty in complying with its obligations, the plaintiff waived nothing by continuing in Anderson's employment. The promise to repair is only important as rebutting the inference that defects are waived by continuance in employment with knowledge of their existence. *Ford v. Railway Co.,* 106 Iowa, 85. The demurrer was rightly sustained, and the judgment is AFFIRRMED.