RETURN U. SHUMWAY, Appellant, v. CITY OF BURLINGTON, IOWA.

**Negligence:** JURY QUESTION. Whether or not a city was negligent in not anticipating and providing against the discharge of water upon a sloping sidewalk and its freezing there, is for the jury upon evidence that for several years water had been discharged upon the walk through a hole in a neighboring fence cut for that purpose and that, at the time of the accident, and for several hours before, the temperature was so low as to freeze water and that early the following morning there was a body of ice directly in front of the hole which was about three feet wide near the hole, narrowing to the outer edge of the walk, where it was six inches to one foot in width.

EVIDENCE: *Ordinances.* An ordinance prescribing the manner in which sidewalks shall be built, is admissible in an action against the city for personal injuries for the purpose of showing that the walk in question was constructed in an improper manner.

**Appeal:** ABSTRACTS. The practice of merely stating in the abstract on appeal what the evidence tends to prove instead of setting forth the evidence at length, is commendable where no question as to the sufficiency of the evidence to sustain the verdict for judgment is raised.

*Appeal from Des Moines District Court.*—HON. JAMES D. SMYTH, Judge.

**WEDNESDAY, MAY 17, 1899,**

ACTION at law to recover for personal injuries alleged to have been caused by negligence on the part of the defendant. A jury was impaneled, and when the plaintiff had submitted his evidence the court directed a verdict for the defendant, and rendered judgment in its favor for costs. The plaintiff appeals.—*Reversed.*

*E. S. Huston* for appellant.

*George S. Tracey* for appellee.

ROBINSON, C. J.—The evidence tended to show the following: About 9 o'clock on the evening of March 3, 1897, the plaintiff, while exercising proper care and caution, fell on a sidewalk of the defendant, and received injuries for which he seeks to recover. Water had been for several years accumulated on adjacent premises, flowing thereon from a well or spring, and was discharged through a hole in a fence, cut for that purpose, over the walk at a place where the accident occurred. The walk was laid on a street curbed, guttered, paved and sewered with brick, and was made of boards twelve feet long and two inches thick, laid crosswise on stringers on the surface of the ground. The walk sloped towards the center of the street, the side or edge next to the fence being ten inches higher than the other. There was also evidence which tended to show that such a walk would last for from six to eight years, when it would have to be renewed. After submitting the evidence referred to, the plaintiff offered in evidence an ordinance of the defendant adopted in March, 1887, which contains the following: "No person shall lay or cause to be laid any sidewalk on any street which has been macadamized, curbed, and guttered, unless the same shall conform to the established grade of the street so improved; the outer edge of the walk so laid shall not be more than six inches above the top of the curbstone, and shall have a descent from the line of the lot

towards the street of three inches,—without obtaining permission from the city council." The court sustained an objection to the ordinance, and it was not introduced. The plaintiff also submitted evidence which tended to show that at the time of the accident, and for several hours before it occurred, the temperature was so cold as to freeze water, and that early in the following morning there was a body of ice directly in front of the hole in the fence, which was about three feet wide near the hole, narrowing to the outer edge of the walk, where it was from six inches to one foot in width. The ice was thickest in the middle, and sloped to a thin edge on each side. The plaintiff did not show that any one saw ice at about the time of the accident at the place where he fell.

I. The plaintiff complains of the ruling of the court which excluded the ordinance. The evidence which had been admitted when that was offered tended to show that it was adopted before the walk was built. The ordinance was offered in evidence as tending to show that the walk was not constructed in a proper manner. It was the duty of the defendant to require that the public sidewalks within its limits be so constructed as not to expose people who should use them to unnecessary dangers. In the exercise of the power conferred upon it, the ordinance was adopted, and we are of the opinion that it was admissible as evidence tending to show negligence on the part of the defendant. *Smith v. City of Pella,* 86 Iowa, 236. Considered alone, it might have been of but little value; but, taken with other evidence, it might have been sufficient to show that the defendant was negligent in permitting the walk to be in the condition described, at the time of the accident.

II. The abstract does not purport to contain all of the evidence submitted, but states what it tended to prove. That is authorized and commendable practice in cases in which this court is not required to determine the sufficiency of the evidence to sustain a verdict or judgment. *Kelleher v. City of Keokuk,* 60 Iowa, 473; *Weitz v. Des*

*Moines Independent Dist.,* 79 Iowa, 423; *Forcum v. Monte-zuma Independent Dist.,* 99 Iowa, 435. The appellee does not deny the averments of the abstract in regard to what the evidence tended to prove, and we have before us all that is needed to determine the questions presented.

III. There was no direct evidence to the effect that the plaintiff fell in consequence of water or ice on the walk, but he fell while in the exercise of proper care; and the evidence tended to show that there must have been water or ice, and probably the latter, on the walk at the place of the accident when it occurred. That the tendency of water or ice upon a sloping surface is to make it an uncertain and dangerous way for pedestrians is a matter of common knowledge. It is said that a municipal corporation is not liable for injuries caused by the freezing of water in a night, because negligence cannot be imputed to it unless it has had notice a sufficient length of time to enable it to remedy the defect. But the evidence in this case tended to show that water from adjacent premises had been discharged through a hole in the fence, over the walk, for so long a time that the defendant should be charged with knowledge of it. The effect of a freezing temperature upon water flowing onto a sidewalk, and the dangers to be apprehended from ice on a sloping walk, were, it must be presumed, known to the defendant. Whether, under all the circumstances disclosed by the evidence, it was negligent in not anticipating the dangerous condition of the walk, and providing against it, was a question for the determination of the jury. *Ford v. City of Des Moines,* 106 Iowa, 94; *Haskell v. City of Des Moines,* 74 Iowa, 110; *Gillrie v. City of Lockport,* 122 N. Y. App. 403 (25 N. E. Rep. 357); *Todd v. City of Troy,* 61 N. Y. 506; *Com. v. Kendrick,* 147 Mass. 444 (18 N. E. Rep. 230), and cases therein cited.

We are of the opinion that, if the ordinance rejected had been received in evidence, the jury would have been authorized to find for the plaintiff. For the errors in rejecting the

ordinance and in directing a verdict for the defendant, the judgment of the district court is REVERSED.