SMITH, J., taking no part in the decision.

---

## SMITH v. CITY OF YANKTON.

In an action for injury to a pedestrian who slipped on a slanting wooden approach from a sidewalk to a crossing, where the evidence did not show that the city had adopted any general plan for the grading of the street and construction of walks, or that the approach was a part of the plan, the question of the liability of the city for an accident caused by defect in plans adopted by its proper officers would not be considered.

A city is not liable on account of dangerous places on sidewalks forming through a storm, where the cause of the danger is not the condition of the sidewalk prior to the storm, unless after actual notice of the dangerous condition, or such lapse of time as will cause notice to be imputed to it, it allows the dangerous condition to remain.

A city in constructing its sidewalks must consider the climatic conditions and construct its walks so that they will be reasonably safe under all ordinary conditions; but what will be reasonably safe in one city will not necessarily be reasonably safe in another, nor is a city liable to the same strict rule as to construction in different parts of the city.

A city is not bound to protect pedestrians against extraordinary or unlikely conditions.

The jury, in determining whether a sidewalk is reasonably safe, should determine whether it is reasonably safe not only in view of climatic conditions, but also in view of the topography of the place, and, where the evidence shows it is impossible to construct walks without placing the same on more or less of a slant in order to pass from one street to another, that fact must also be taken into consideration.

Where, in an action for injury to a pedestrian slipping on a slanting wooden approach from a sidewalk to a crossing, there was no evidence of any necessity for having the crosswalk on a different grade from the sidewalk, the failure to require the jury, in determining whether the approach was reasonably safe, to consider the fact that it was impossible to properly construct walks without placing the same on more or less of a slant, was not erroneous.

While a city is not liable for mere slipperiness of a sidewalk, yet it is liable where such slippery condition should have been anticipated, in which case such condition must be considered in connection with the construction of the sidewalk in determining whether it exercised reasonable care to construct a reasonably safe sidewalk.

A municipality is liable for damages from an accident the result of two concurrent causes, though one of them is a cause over which it has no control, provided it is a cause which it should have anticipated and should have guarded against.

It is not error to refuse an instruction covered by the charge given.

In an action for injury to a pedestrian slipping on a slanting wooden approach from a sidewalk to a stone crossing, evidence held not to show that the pedestrian was guilty of contributory negligence.

Pedestrians have a right to walk on sidewalks in the most convenient route to reach their destination, and, while they cannot recklessly place themselves in danger of accident, they need not forsake such walks merely because there may be some danger in passing over them, especially when there is no safer route reasonably convenient.

Corson, J., dissenting.

(Opinion filed, May 21, 1909.)

Appeal from Circuit Court, Yankton County.    Hon. E. G. SMITH, Judge.

Action by Louise Smith against the City of Yankton.    From a judgment for plaintiff and from an order denying a new trial, defendant appeals.    Affirmed.

C. J. B. Harris and C. H. Dillon, for appellant.

The obligation of keeping the streets in a reasonably safe condition does not extend to the removal of ice when it constitutes no other defect except slipperiness.    Henkes v. City, 44 N. W. 1026. Hausmann v. City, 21 L. R. A. 263.    The obstructions or defects in the sidewalk, to make the corporation liable, must be such as are in themselves so dangerous that a person exercising ordinary prudence could not avoid injury in passing them,  Jones v. City, 18 S. D. 477, 101 N. W. 43; Haggerty v. City, 50 Atl. 55; Cooper v. Village, 74 N. W. 115; Dubois v. City, 6 N. E. 273; Baker v. City, 14 N. W. 289; Buscher v. City, 36 N. E. 371; Koepke v. City, 88 N. W. 238; Jackson v. City, 80 N. W. 8; Kleiner v. City, 80 N. W. 453; Burroughs v. City, 86 N. W. 159; Cook v. City,

27 Wis. 191; Strait v. City, 17 S. D. 326, 96 N. W. 695; Lush v. Town, 104 N. W. 336. A municipal corporation is not liable for a defect in the plan upon which a sidewalk was constructed. The power conferred upon municipal corporations to make improvements authorized them to act in a quasi judicial or discretionary capacity; neither the court nor the jury can substitute its judgment for that of the city authorities in such a case. McQueen v. City, 43 N. E. 460; Hoyt v. City, 37 Atl. 1051; Canavan v. City, 38 At. 1097; Teager v. City, 60 S. W. 718; City v. Toolan, 37 Mich. 152; Id. 38 Mich. 315. The plaintiff knew of the dangerous condition of the incline. She had the danger present in mind. she knew all that the city officers could possibly know; she was not mislead nor deceived. The accident occurred at mid-day. She thought she could go down the incline safely and with these thoughts in mind she attempted to do so. She misjudged her ability and fell. She was guilty of contributory negligence and cannot recover. Hudson v. City, 71 N. W. 678; Rogers v. City, 52 N. E. 242; Friday v. City, 87 N. W. 780; Boyle v. City, 40 At. 1093; Shallcross v. City, 40 At. 818; Barce v. City, 76 N. W. 747; Wright v. City, 55 N. W. 819; Spillane v. City, 58 N. E. 176; Schaeffer v. City, 33 Ohio St. 246; City v. Barker, 81 Ill. 300.

*Gamble, Tripp & Holman,* for respondent.

If the walk was improperly constructed, or lacked appurtenances to make it reasonably safe for the use for which it was designed, the city was negligent in permitting it to remain in that condition. Clemence v. City of Auburn, 66 N. Y. 334. It was, proper for the plaintiff to show that the walk was sloping, and also to show that it lacked appurtenances which were required to make it safe. Whether the defendant was negligent in constructing the walk and in permitting it to remain as it was at the time of the accident was a question for the determination of the jury. Baxter v. City of Cedar Rapids, 72 N. W. 790; Graham v. Town of Oxford, 75 N. W. 473. Whether, under all the circumstances disclosed by the evidence, the city was negligent in not anticipating the dangerous condition of the walk, and providing against it, was a question for the determination of the jury. Ford v. City of Des Moines, 75 N. W. 630; Haskell v. City of Des-

Moines, 74 Iowa 110; Gillrie v. City of Lockport, 25 N. E. 357; Todd v. City of Troy, 61 N. Y. 506; Com. v. Kendrick, 18 N. E. 230. The principle that a municipality is not liable for the adoption of a defective plan of construction, this being the exercise of a discretionary power, has been applied in New York and in some early cases in Michigan, to the case of highways defectively planned, but such a defense to an action for injuries is ignored by the cases generally and when occasionally referred to has been held to apply only in case reasonable care and skill were used in the choice of a plan. 15 Am. & Eng. Ency. Law, 428; 2 Dillon Mun. Cor. Sec. 1023. Where the accident results from a pre-existing defect in the highway, the municipal liability therefor will not be removed by the fact that the accident would not have happened had it not been for the presence of snow or ice, it being the duty of the municipality to construct the highways with a view to that contingency. 15 Am. & Eng. Ency. Law 450; Templin v. City, 102 N. W. 789. The negligence of the defendant and the contributory negligence of the plaintiff were questions of fact for the jury and this question of approximate cause was one for the jury. Garrigan v. Kennedy, 19 S. D. 11, 101 N. W. 1081.

WHITING, J. This action was instituted by the plaintiff to recover damages for injuries alleged to have been sustained by her in slipping and falling on one of defendant's crosswalks. Verdict and judgment being in favor of the plaintiff, the defendant has appealed. It is disclosed by the evidence: That the city, some six or more years prior to the accident, caused to be constructed a wooden approach from the cement sidewalk on Douglas avenue to the stone crossing across Fifth street; that the wooden approach is 7 feet 5 inches in length and descends from the end of the stone crosswalk southward to the cement sidewalk and is 5 feet 11 inches in width on the north end and 7 feet and 9 inches in width at the south end; that the north end of the incline is 10¾ inches higher than the south end; that the stone crosswalk is about 4 feet wide, and the cement sidewalk is 6 feet wide; that the north end of the approach extends about 2 feet west of the west edge of the stone crossing, and the south end of the approach extends nearly 3½ feet east of the east edge of the cement side-

walk; that there were no cleats or boards nailed across the approach; that this approach had remained in this condition since its construction; that some three days prior to the accident, it rained, snowed and sleeted, and by freezing all the sidewalks in the city became covered with smooth, slippery ice. The plaintiff on Christmas Day, 1902, in going to church, passed over a route not the usual route between her home and the church, and in so doing passed over three different streets, but in returning from church, at about the noon hour, she passed south on the west side of Douglas avenue, the same being the usual route between the church and her home, and she came to the approach above described. Her attention was called by a companion to the fact that said approach was dangerous and slippery, and she saw and knew its condition before attempting to pass such decline. Thinking she could pass down the same safely by being careful, and attempting so to do, she slipped and fell, sustaining an injury, for which this action is brought.

It is the contention of the plaintiff that the defendant was negligent in constructing said incline on the slant on which it was constructed, and that it was also negligent in that it omitted to cause any cleats or cross-boards to be put upon such approach. It is also contended that the defendant was negligent in not causing the walks to be cleaned and in permitting the same to become and remain slippery from sleet, snow, and rain. This last claim of negligence was eliminated upon the trial by the charge of the court to the jury, wherein it instructed them as follows: "With reference to sudden storms and to the formation of thin and slippery ice upon public streets and sidewalks, the rule of law is that a municipal corporation is not liable for accidents resulting from that sort of conditions, because it would be simply impossible for any city to prevent the existence of conditions of that kind. * * * Whether or not the city was liable for allowing ice or snow to remain upon this sidewalk is not before you. It is not in this case, for the simple reason that, before a city can be held liable for negligence in failing to remove snow and ice from its sidewalk, some notice of the unsafe condition of the walk, resulting from the snow and ice upon it, must be shown to have been given to the

city. * * * There is no evidence here to show that that condition, so far as the snow and ice were concerned, had existed for a sufficient length of time to show that the city had implied knowledge of it, and possibly the evidence is not sufficient to warrant a finding that the city would be guilty of negligence, so far as that alone is concerned, even if they had notice of it."

It is contended by the appellant: First. That the city was not guilty of any negligence in the construction of the walk or in maintaining it in the condition in which it existed, as it does not affirmatively appear that there was any defect in the walk or in the ends thereof, or that the approach was not properly constructed or was out of repair, or that there was any lateral pitch to the incline. Second. That, it appearing from the instructions of the court that the city was not liable for any injury sustained by the plaintiff by the mere slippery condition of the sidewalk occasioned by the freezing of the sleet, rain, and snow, a verdict could only be found against the city upon the plaintiff's showing that the accident was caused solely by the defective walk. That there was no evidence warranting the jury in finding that the injury was caused by any defect in the walk, but that the evidence clearly shows that the injury resulting to the plaintiff was caused entirely by the slippery condition of the walk by reason of the snow and ice thereon, and that therefore the court should have granted defendant's motion for a direction of a verdict in its favor at the close of plaintiff's evidence. Third. That the court erred in certain parts of its charge to the jury in which it charged them that the sidewalks of a city must be constructed and maintained with reference to the climatic conditions that may occur, and also in various other parts of its charge specified by the counsel for the appellant. It is further contended that the court erred in refusing to give to the jury certain instructions requested on the part of the appellant. Fourth. That, if there was any defect in the said approach, it was in the original construction of such approach, and the error was in the judgment of the members of the city council in adopting the plans for walks and grades, and that therefore the corporation cannot be holden. Fifth. That the accident resulted in part from the contributory negligence of the plaintiff.

It is insisted on the part of the respondent that the motion to direct a verdict in favor of the defendant was properly denied for the reason that the question of negligence on the part of the city, either in the construction or maintenance of the walk, was purely a question for the jury, and that it was for the jury to say whether or not there was negligence on the part of the city in con-structing a walk such as the one in controversy, and especially in omitting to nail cleats thereon.   It is further insisted on the part of the respondent that, while the city was not liable for the accident or injury caused solely by the slippery condition of the walk, yet that it was competent for the pliantiff to give evidence upon the subject of its slippery condition, and for the jury to consider that condition in connection with any defects that it might find in the construction or maintenance of the walk itself, independent of the ice or snow thereon.

As regards the fourth contention of appellant, as above noted, it is only necessary to note that there is nothing in the evidence tending to show that any general plan for the grading of the street and constructing of the walks had ever been adopted by said cor-poration, and that the approach in question was a part of such a plan, so that we do not feel it necessary to pass upon the question as to whether or not a municipality could be holden for damages flowing from an accident caused by a defect in plans adopted by the proper officers of such corporation.

A careful consideration of the first and second contentions of the appellant show that the determination of the same would be controlled entirely by the determination of the third matter com-plained of, to wit, the determination of whether the court erred in the instructions complained of, and of whether it erred in refusing to give the instructions asked for.   If the court was correct in the instructions it gave and in its refusing to instruct as requested, then the appellant is wrong in his first and second contention.   It therefore becomes necessary for us to consider only the instructions given and those refused.

The instructions complained of, which are to be found sepa-rated one paragraph from another and mingled with the other charges given by the court, are as follows:

"It is the duty of the city to so construct its sidewalks as that they may be reasonably safe for the use of pedestrians passing over them, under all ordinary climatic conditions which exist in this country, in this latitude."

"But that, under the usual and ordinary conditions which prevail throughout the year, those sidewalks shall be reasonably safe for the use of pedestrians."

"A sidewalk must be so constructed as to be reasonably safe under those ordinary and usual prevailing conditions of weather."

"Was constructed so that it would be reasonably safe for persons traveling over it under the usual and ordinary climatic conditions existing here."

"If you ind that the walk was properly constructed, so as to be reasonably safe for travel, then, as you will observe, the walk would assume the same character, so far as this case is concerned, as the other walks of the city which may have been properly constructed, and then the rule with reference to thin ice would prevent a recovery where nothing but thin slippery ice is shown to have existed."

"If there was a faulty construction in this sidewalk at this point, and if the sidewalk was so constructed as that under ordinary and usual climatic conditions it was unsafe for persons traveling over it, then the city was negligent in so constructing it."

The instructions which are requested and refused are as follows:

"You are instructed that the evidence in this case shows that there was a coating of ice on the slanting sidewalk in question, which ice had been recently formed. The city is not required to remove such ice from its walks, and its failure to do so would not in law constitute negligence.

"You are instructed that where there is a coating of ice on the sidewalk, caused by the rain or sleet freezing thereon, such city is not negligent in failing to remove such coating of ice.

"You are instructed that if you find the injury sustained by the plaintiff was produced by two causes, namely, the slant of the walk in question and a coating of ice thereon, the latter being a cause for which no one was responsible, the plaintiff cannot re-

cover unless she has shown by a preponderance of the evidence that the slant of the walk was the real cause of the injury. Neither can a recovery be had if it was equally as probable that the injury came from the one cause as from the other. .

"You are instructed that to render the city liable for the injury to the plaintiff by a defective construction of the walk, such defect must have been the sole efficient cause of the injury; and, if you believe from the evidence that this accident to the plaintiff was causd by the recent formation of ice on such slanting walk, then the defendant would not be liable, and your verdict should be for the defendant.

"You are instructed that if there be two efficient, independent, proximate causes of the injury, the primary cause being one for which the city is not responsible, and the other being a defect in the construction of the sidewlak, then such injury cannot be said to have been received through such defect, and the city is not liable.

"You must determine in this case what was the primary and direct cause of this injury. If you believe that the ice on such slanting walk was the primary and direct cause of the accident, and that the slanting of the walk was only a condition or a remote cause for such injury, then the defendant would not be liable in this action."

The appellant claims that the instructions given as noted above required too high a degree of care on the part of the municipality, that all that is required from such municipality is that the walks be made reasonably safe, but that a city need not construct its walks so as to be reasonably safe under all climatic conditions; and appellant seems to consider the court inconsistent in holding the city not responsible for its failure to, remove slippery ice, and at the same time requiring it to provide against such climatic conditions in the construction of its walks. We fail to see any inconsistency in such a position. The municipality is not liable on account of dangerous places forming through some storm, where the cause of the danger is not the condition of the walk prior to such storm, and such municipality only becomes liable under the above circumstances when, after actual notice of the dangerous

condition, or lapse of such time as will cause notice to be imputed to it, it allows the dangerous condition to remain, so that in this case, unless the slant of this approach or the manner of its construction showed negligence in such construction, which negligence consisted in not anticipating and providing against a condition, which, according to natural laws, was certain to arise, the defendant would not be liable herein. It is the contention of the appellant that the municipality in erecting this approach was not bound to take into consideration climatic conditions. There seems to be great conflict in the authorities, but it would seem that a few illustrations will show that the trial court was right, and that its instructions have reason and common sense to support them. A person might be guilty of no negligence in erecting a structure in a dense wood where the wind could never reach the same, and yet the same method of construction employed in an exposed situation might be the grossest negligence. Why is this? Simply because the law would require the builder to take into account the stress and strain caused by the ordinary winds to which the place was subject. Let us suppose there was a material, which, when dry, would make a perfectly safe walk or floor, but which became exceedingly slippery as soon as it was wet, while there would be no negligence in using such material in a section where rains were unknown, it must be agreed we think, that it would be gross negligence to use such a material even for a level walk in an exposed place in a country subject to rains. The cases are numerous which hold a city negligent in allowing snow and ice to gather and remain on the walks, otherwise level, such snow and ice being allowed to form in mounds dangerous to the public, why then, upon like reason and principle, should not a city be liable, if it so constructs its walks that, when the same are covered by smooth snow or ice, they must from necessity become dangerous, and they are so constructed in a section of the country wherein it is known that under the ordinary climatic conditions there will be times when such snow and ice will gather?

We admit that cities are not bound to protect pedestrians against extraordinary or unlikely conditions, also, that they are not liable where accidents are caused by the mere slipperiness of

the walks in no way connected with a faulty construction of such walk; but we hold that the law requires a corporation to so construct its walks that they will be reasonably safe under all ordinary conditions. When we use the term "reasonably safe," we do not wish to be understood as holding that what would be reasonably safe in one municipality would necessarily be reasonably safe in another, or even that a municipality would be held to the same strict rule of construction in different parts of such municipality. It is in this case strenuously urged by the appellant that the rule laid down by the court in its instruction takes no notice of the topography of the place where the walks were constructed. In answer to this point—while admitting that, in determining the question of whether a walk is reasonably safe, the jury should determine whether it is so reasonably safe, not only in view of climatic conditions, but also in view of the topography of the place where such walks are laid, and that where the evidence shows that it would be impossible to properly construct walks without placing the same upon more or less of a slant in order to pass from one cross-street to another, this fact should also be taken into consideration—we call attention that in the case now before us there was no request for a charge on this point, and neither was there any evidence warranting such a charge, as there was no showing of any necessity for having the stone crosswalks cross Fifth street, on a different grade from the walk on Douglas avenue.

The following cases support the above: Haskell v. City of Des Moines, 74 Iowa 110, 37 N. W. 6; Shumway v. City of Burlington, 108 Iowa 424, 79 N. W. 123; City of Atchison v. King, 9 Kan. 550; Hill v. City of Fond du Lac, 56 Wis. 242, 14 N. W. 25; Ford v. City of Des Moines, 106 Iowa 85, 75 N. W. 650. The last Iowa case, supra, holds: "But that walks are made slippery by melting snow is a fact of common knowledge, and should be considered in constructing walks, especially those which have sloping surfaces, and, in consequence, are liable to be dangerous and slippery." In the Wisconsin case, supra, it is said: "The question was not whether the mere sudden declivity in the sidewalk, in the absence of any storm or freezing, would have been dangerous, nor whether the mere storm and freezing weather, in

the absence of the walk in question, and with a walk differently constructed, would have caused the danger, but whether that walk, so constructed, with such ice and snow as would ordinarily accumulate upon it during such severe storms and freezing weather as ordinarily occurred at that season of the year, at the place of injury, would be unsafe for travelers upon it." The Kansas court, in the case above, in speaking of an instruction which had been asked and refused, and which instruction was to the effect that if the accident was partly caused by the wet and slippery condition of the sidewalk from the fall of rain, snow, or sleet, without the fault or negligence of the defendant, and partly from the defective sidewalk, then the plaintiff cannot recover, said: "It lays down a principle that at a time when from the conditions of the sidewalks in a city, by reason of a recent fall of rain, snow, or sleet, one most requires a good and safe walk, then is when the liability of a city for a defect in the sidewalk substantially ceases. For it is on such occasions that most accidents happen." In the Iowa case found in 79 N. W. 124, 108 N. W. 427, it appeared that a walk had been constructed upon a slope, and that for years accumulation of water on an adjacent lot had flowed over this walk, and that plaintiff slipped and fell in consequence of the water or ice on the walk; the temperature being below the freezing point. The court in this case say: "The effect of a freezing temperature upon water flowing onto a sidewalk, and the dangers to be apprehended from ice on a sloping walk, were, it must be presumed, known to the defendant. Whether, under all the circumstances disclosed by the evidence, it was negligent in not anticipating the dangerous condition of the walk, and providing against it, was question for the determination of the jury."

The appellant, in support of his claim that the instructions given were wrong and more especially in support of the claim that there was error in refusing the instructions asked for, to the effect that there could be no recovery where the accident flows from two causes, one the result of negligence on the part of the municipality, and the other from a cause over which the municipality had not control, has cited numerous authorities. We think, however, that an examination of these authorities will show that, while some of

them support the proposition that damages cannot be recovered where the accident is the result of concurrent causes, yet in many of the cases the real question was not whether there were concurrent causes, but the question of whether the mere fact that a person slipped on a place where the walk was slanting was in itself, without anything further, competent proof that the slant of the walk was what caused the slipping. In the case at bar the court fully instructed the jury to the effect that mere slipperiness of the walk would not render the defendant liable, so that, in order for plaintiff to recover under the instructions given, it was absolutely necessary for the jury to find that the slipperiness of the walk, combined with the defect in its structure caused this accident. If, therefore, the appellant is right in its claims that the instructions asked for should have been given, then this case should be reversed, because under the instructions of the court, if the jury found a defective construction of the walk, and that the accident was caused by such defective construction connected with the slippery condition of such approach, yet, while the court instructed them that the municipality would not be liable merely for such slipperiness, still it did instruct that the municipality would be liable if such slippery condition was one which should have been anticipated by the city, and that if they found the condition one that should have been anticipated, and this condition, taken in connection with the manner in which the walk was constructed, showed a negligence on the part of such city in constructing the walk, the municipality would be liable, thus instructing that there could be the two concurrent causes, to wit, the structure of the walk and the slipperiness of the ice.

Among the cases most relied upon by the appellant and referred to by it as being very similar to the one at bar is the case of Taylor v. City, 105 N. Y. 202, 11 N. E. 642. We think a careful consideration of this case will show nothing in conflict with the instructions of the court, or any error in the courts refusal to give instructions asked for. In the later case of Ayres v. Village, a New York case found in 130 N. Y. 665, 29 N. E. 265, the court says: "If there was no dispute as to the new ice, the motion to dismiss the complaint should have been granted; but, assuming

that to have been in controversy, it was permissible under the
judge's charge for the jury to have found that the plaintiff fell
upon new ice formed on the morning of the 27th, and to have
placed their verdict on the fact that the slope of the walk was
a concurring cause of the accident, without which it would not
have happened, and in this view of the case it is not distinguish-
able in its essential features from Taylor v. City of Yonkers, 105
N. Y. 202, 11 N. E. 642. In that case, as this, the plaintiff·fell
upon new ice, recently formed over an old accumulation, and upon
a sidewalk having, through negligence of the defendant, a slope
from its inner to its outer edge of eight inches, and for that reason
assumed to be in a dangerous condition. There, as here, the jury
were instructed that the new ice furnished no ground of negli-
gence on the part of the defendant; but, if the slope of the walk
was a concurring cause of the fall without which the accident
would not have happened, the defendant was liable. But this court
reversed the judgment, in the case cited, on the ground that the
facts did not permit the jury to find the slope of the walk to have
been a concurrent cause of the fall, and upon that question the
cited case and the case at bar are precisely alike. In each case it
appeared that the plaintiff fell upon new ice lying upon a slope.
To infer from that fact alone that he would not have fallen if the
new ice had spread over a level, and did fall because of the slight
pitch of the walk, was said in the case cited to be mere guess and
speculation. We are compelled to the same conclusion, and noth-
ing need be added to the reasons given in the Taylor Case. The
exception considered was well taken, and the judgment must be
reversed, and a new trial granted."

It will thus be seen that the New York courts recognize that
there may be cases where there are concurrent causes rendering
a municipality liable, and that in the Taylor Case the ruling of the
court was based upon the fact that there was nothing to show,
but that it was the mere slipperiness of the walk that caused the
injury; there being nothing in that case to show but what the
party would have fallen even on the level, nothing whatever to show
that it was the pitch of the walk that caused the fall. In the case
at bar there was ample evidence to go to the jury to show that it

was not the mere slipperiness alone which caused the accident, but there was the evidence to show that with this slippery condition existing the plaintiff had gone from her home, in a roundabout way, extending over several blocks, to the church, and had returned part way home without falling. We have no hesitancy in holding that a municipality is liable for damages from an accident the result of two concurrent causes, though one of them is a cause over which the municipality has no control, providing, however, it is a cause which it should have anticipated and have guarded against. Reading the instructions asked for in the light of the above, it is clear, either that the matter that the instructions asked for is properly covered by the instructions given, or that, where not so covered, the instructions asked for did not state the proper rules of law as applicable to the facts in this case.

It is further contended by the appellant that the plaintiff should not recover owing to her contributory negligence; it being the contention of the appellant that the evidence shows that the plaintiff was familiar with the condition of this approach, that her attention had been directly called to the dangerous condition thereof, and that she attempted to pass over the same knowing of the danger thereof, believing that with care she could go over with safety, and the appellant contends that, under these circumstances, she should not have essayed to pass down the approach, but should have taken some other walk around, or passed down the middle of the street. While the evidence shows the above facts in relation to the knowledge on the part of the respondent, yet it also shows that several other persons had passed down this incline ahead of the respondent and to the knowledge of the respondent, which certainly gave her reasonable cause to believe that she could also go down with safety. Furthermore, there is no evidence to show that the middle of the street was passable, or that it would have been possible for her to have crossed the street or taken any other reasonably convenient course less dangerous. In fact, there is absolutely no testimony along this line, and certainly the appellant is in no position to contend that respondent should have taken some other course without some showing that there was such a course open for her. Sidewalks are constructed for people

to walk on, and they have a right to walk thereon in the most convenient route to reach their destination, and, while they cannot recklessly place themselves in danger of accident, yet, on the other hand, they are not driven to forsake such walks merely because there may be some danger in passing over the same, and especially when there is no safer route reasonably convenient.

The judgment of the trial court and the order denying a new trial are affirmed.

CORSON, J., dissents.    SMITH, J., takes no part herein.