KIRKEGAARD, Respondent, v. CITY OF SIOUX FALLS, Appellant

(8 N. W.2d 862.)

(File No. 8544. Opinion filed March 29, 1943.)

**Roy D. Burns,** of Sioux Falls, for Appellant.

**Henry C. Mundt,** of Sioux Falls, for Respondent.

WARREN, J. Plaintiff brought this action to recover damages from the City of Sioux Falls for personal injuries sustained in a fall upon ice that had formed from great quantities of water flowed upon and around her premises

as a result of the appellant flushing a dead end water hydrant. The water department of the City of Sioux Falls on the 21st day of January, 1941, flushed a number of the city's dead end hydrants. Shortly after the noon hour, the city's employees flushed a hydrant at Fifth Street and Lewis Avenue. A two and one-half inch stream of water was turned on full force. The water flowed south and then ran down through the gutter to a culvert on the north side of Lewis Avenue. Thence in upon and flooded the plaintiff's premises. It touched the house and some of it found its way into the basement. The plaintiff and her husband arrived home from their work after dark. They parked their car across the short sidewalk in front of the house, and about four or five feet from the entrance to the house. They walked into the house, but did not see any water or ice between the car and the house. The next morning before daylight, the plaintiff and her husband left their home to go to their respective work. The husband proceeded before the plaintiff to warm up the car. The plaintiff opened the inside door and pushed the screen door, which had been converted into a storm door, and as she stepped from the house, her foot slipped on ice that had been formed by the water flooded from the hydrant in and around the house the evening before. From this fall she received certain injuries. She incurred considerable medical expense and was prevented from doing housework for a number of people who had employed her previous to the injury. Plaintiff brings this action to recover damages suffered from the fall upon the ice on the 22d day of January, 1941, charging that the city was negligent in having this particular hydrant flushed; claiming that it was unnecessary to flush the hydrant at that time; that it was flushed in a careless and negligent manner in cold weather, and with such pressure that the water ran into and upon the premises occupied by the plaintiff, up to the plaintiff's front door, became frozen and thereby caused a slippery condition to exist at the front door which plaintiff used in going in and out of her home.

The defendant claims it exercised due care in flushing

the hydrant. It contends that the premises occupied by the plaintiff was below the street grade, and that plaintiff had permitted a certain culvert in the street gutter to become clogged with snow, ice, and debris. And that the injury she complained to have sustained was due to her own carelessness and that plaintiff did have knowledge of all of the conditions, and that she did not exercise due care for her own safety in attempting to walk over a part of the premises.

A trial in the Circuit Court was had. The issues were submitted to a jury which returned a verdict for the plaintiff. The defendant has perfected an appeal to this court. Appellant, in its assignments of error, contends that the evidence is insufficient to sustain or justify the verdict and that it is against the law and has diligently pointed out the particulars wherein it believes the evidence to be insufficient.

The appellant urges that the court erred in ruling on the defendant's motion for a directed verdict. The appellant concludes its assignments of error by urging failure of the court to clarify instruction No. 7 because it and the other instructions fail to advise the jury that the respondent could not recover if she contributed to the dangerous condition.

■ We have carefully considered the evidence and without making specific references to the evidence to point out the particulars wherein the appellant was negligent in its operating, conducting, and lack of care in flushing the hydrant and permitting water to pour upon respondent's premises, we observe that the evidence is highly controversial. Therefore the verdict as to the sufficiency of the evidence will be sustained. We further hold that the city is liable for damages on account of its negligence, and improper care in permitting the water in flushing this hydrant to flow upon the premises occupied by the respondent. We are not indicating in this opinion how a city ought to conduct such flushing operations to protect persons and property from injury while performing its work, sufficient to say that the city was liable for negligently causing this

large quantity of water to be precipitated upon the respondent's premises. SDC 47.0304. Nelson v. City of Sioux Falls, 67 S. D. 320, 292 N. W. 868. Cf. Fjellman v. Weller, Minn., 7 N. W.2d 521, 529. The record shows that the city had knowledge of the condition they created, even to the extent of sending some of its employees that evening to remedy the slipperiness by sprinkling salt upon the ice. This case therefore resolves itself in the city's carelessness in not exercising proper care and having knowledge of the dangerous condition which had resulted from such negligent and careless operation, did nothing to remedy the condition which it had created. Smith v. City of Yankton, 23 S. D. 352, 121 N. W. 848, and Becker v. City of Mitchell, 61 S. D. 523, 250 N. W. 31.

■■ We do not believe that the court erred in refusing to direct a verdict for the appellant. The evidence that the plaintiff contributed to her injury by the lack of reasonable care in the occupying of the premises below the street grade level, and that she knew of and permitted the gutter in the street at the front of such premises to become obstructed with snow, ice, and debris in such a manner that the water flowing in such gutter was forced to flow upon the premises, and having knowledge of these things, she did nothing to relieve such condition, seems at its best only an argument and quite remote. There is a sharp conflict in the evidence on this question and there being a conflict in the evidence, requires us to resolve the conflict in favor of respondent's contention and sustain the verdict.

The court gave a general instruction covering contributory negligence at No. 4, which upon examination seems sufficient unless instruction No. 7 excepted to by appellant is prejudicial upon the "ground that it advised the jury that the City would be liable for the creation of a dangerous condition without regard to the acts of negligence as shown by the defendant's evidence to the effect that plaintiff's own negligence caused or contributed to such dangerous condition and failed to advise the jury that if the dangerous condition, to-wit,: the icy condition on her premises at the

place where she lived was caused or contributed to by the negligence of the plaintiff herself, that she could not recover."

 Appellant argues that the court should have told the jury that the city would not be liable if the respondent herself contributed or caused the dangerous condition, as the evidence showed that she had been occupying property below street grade level and permitting the gutter to become obstructed. We do not believe that the court erred in giving instruction No. 7. An examination of all the instructions indicates that the court properly instructed the jury as to the law applicable to the facts as disclosed by the evidence. We have examined the record and do not find that the appellant had submitted to the court any requested instructions. We therefore hold that the failure to charge the jury on this special feature which appellant claims amounts to contributory negligence and as no request had been made for this instruction which amounted to a special feature, the court did not commit error.

The judgment of the circuit court is affirmed.

POLLEY and RUDOLPH, JJ., concur.

ROBERTS, P.J., and SMITH, J., concur in result.